[Filed May 19, 1885.]

## IN RE ESTATE OF GOLDSMITH et al., Insolvents.

Insolvency Proceedings — Jurisdiction in. — In the exercise of the supervisory control over assignees of insolvents conferred upon Circuit Courts by the Act of October 18, 1878, such courts exercise only a special statutory authority, and in the exercise thereof stand upon the same footing as courts of limited and inferior jurisdiction.

Id. — Appeal. — No appeal lies from an order of such court upon a petition for the removal of an assignee of an insolvent.

Multnomah County. Petition to remove assignee. Petitioner appeals. Appeal dismissed.

The facts are stated in the opinion.

*Henry Ach,* for Appellant.

*Joseph Simon,* for Respondent.

Under the assignment law of this State, if the assignee is found guilty of wasting or misapplying the trust estate, it is discretionary with the court whether to remove the assignee or require additional security. The Supreme Court will not

review the exercise of such discretion, unless it appear on the face of the record that there was a palpable and gross abuse of the discretion. (*Neeld's Appeal*, 70 Pa. St. 113; *Bowers' Appeal*, 84 Pa. St. 311; *In re Anderson*, 17 N. J. Eq. 536.) The appeal in this proceeding is taken from an interlocutory order, and even if an appeal would lie from an assignment proceeding, it could not be taken until the case was finally disposed of. There must first be a judgment in the case, or some final order which in effect prevents a judgment and terminates the entire proceeding. (*Craven* v. *Chambers*, 55 Ind. 5; *Racine & M. R. R. Co.* v. *Farmers' L. & T. Co.* 70 Ill. 249; *Thiebaud* v. *Dufour*, 57 Ind. 598; *Wood* v. *Wood*, 51 Ind. 141.) The original testimony forms no part of the transcript and ought not to be considered by this court. It is only where the appeal is taken from a decree that the evidence is filed in this court and made a part of the transcript and the suit tried anew. (§§ 531, 533, Civ. Code; *Osborn* v. *Graves*, 11 Oreg. 526.)

THAYER, J.— This is an appeal upon the part of White, Goldsmith & Co., creditors of said estate, from an order of the Circuit Court for the county of Multnomah, refusing to remove Rudolph Goldsmith, the assignee of said insolvent debtors, under the act of the legislative assembly of the State to secure creditors a just division of the estates of debtors who convey to assignees for their benefit, approved October 18, 1878. The appellants, on the 21st day of October, 1884, filed a petition in the said Circuit Court, in which they alleged, in substance, that they were creditors of said debtors; that said assignee had failed to file such bond as the law contemplated; that he was a brother of one of the debtors; that he had placed under their control and in their possession the assets of the estate, had paid them large salaries, and did not devote any personal attention to the management of the estate; that the father and brother of one of the debtors, Julius Goldsmith, pretended to have large claims against the estate, which the petitioners desired to contest; that immediately preceding the attachment of the property of the debtors, which caused the making of the assignment, the assignee

advised and assisted in securing to the wife of one of the debtors, S. M. Cooper, a claim against the firm of $3,000, and that the assignee had failed to account for $1,000 in money, alleged to have been on hand at the date of the assignment.

Upon filing the petition an order was made by the said Circuit Court requiring the assignee to show cause why he should not be removed as assignee of the said estate, whereupon the assignee filed an answer controverting the allegations of the petition, excepting his relationship as the brother to Julius Goldsmith, and the employment of the debtors to assist in conducting the business; denying, however, that he paid them more than a reasonable salary, and claiming that their employment was necessary. The proceeding was then referred to a referee to take the testimony of the parties, and report it with his findings of fact and law. In accordance therewith, the referee took a large amount of testimony concerning the matters charged in the said petition, upon which he made a number of findings of fact, generally in support thereof, and found, as a matter of law, that the assignee should be removed. The assignee filed exceptions to the report, which were heard before the said court, and were sustained, and the report set aside. The court, however, required the assignee to give additional security, which he complied with.

The proceeding has been brought to this court for review upon the evidence taken by the referee. The appellant's counsel has presented it with much force, and has submitted cogent reasons for the removal of the assignee; but he was met at the entrance here with an objection to the jurisdiction of this tribunal to hear and determine the matter, which I apprehend is insuperable. The objection is that the appointment or removal of an assignee is a matter of discretion; that if the assignee had been found guilty of wasting or misapplying the estate, it would have been discretionary with the court below, under the insolvent act, to remove him or require additional security; and that this court will not review the exercise of such discretion unless it appear that it has been abused. It is also objected that the appeal is taken from a mere interlocutory order, and that it

could in no event be taken until the case was finally disposed of by some kind of judgment or final order, which in effect terminated the entire proceeding; and it was finally insisted upon by the respondent's counsel that the jurisdiction conferred by the said insolvent act upon Circuit Courts was limited to those courts. I am of the opinion that the last objection is fatal, whatever might be our conclusions as to the former ones.

The insolvent act referred to vests in the Circuit Court and the judge thereof a supervisory control over assignees therein referred to, and in case of the death of such assignee, or his failure to qualify, authorizes said court or judge to appoint an assignee, and in certain cases to require additional security, and to remove the assignee; but it does not, either by express language or necessary implication, give the right of appeal to this court in any case. The jurisdiction therein granted is only a special statutory authority, to be exercised over a subject not within the ordinary jurisdiction of courts of justice. It is well settled that, although such kind of authority is conferred upon a court of general jurisdiction, yet in the exercise thereof it stands upon the same footing with a court of limited and inferior jurisdiction. (*Crepps* v. *Durden*, 1 Smith Lead. Cas. 6th ed. 1011; *Galpin* v. *Page*, 18 Wall. 371.) Hence it may be inferred beyond question that jurisdiction of that character cannot properly be extended by intendment, and that it necessarily will be confined to the express terms of the act by which it is granted.

The following language of Chief Justice Spencer, *In the Matter of Beckman Street*, 20 Johns. 270, illustrates this view:—

"The powers possessed by this court in appointing commissioners, in reviewing their report, in referring it back to the same commissioners, or substituting new ones, and in finally confirming their report, are derived wholly from the statute. None of these powers exist independently of the legislative delegation of authority; and they are not incident to our judicial duties. It might be a question how far the legislature can impose such duties upon the judges; but it does not admit of a doubt that, if we do consent to act, we act under a limited and circumscribed authority; and our only powers to act being

derived from the statute, we possess no powers but such as are expressly given, and those powers must be exercised in the manner designated by the act. It is true, we act collectively and in term time, and a majority control the proceedings; but we act as commissioners, and in the same way and manner as we used individually to do under the insolvent act. The statute is our guide, and we must proceed by the rules and in the manner it prescribes. The general powers and jurisdiction of this court as regards the application now before us cannot be brought into exercise. They do not apply to such a subject."

*In the Matter of Mount Morris Square*, 2 Hill, 14, the same doctrine is declared. If, therefore, the power vested in the courts by virtue of the Insolvent Act of October 18, 1878, in proceedings had in conformity to its provisions, extends no further than the express provisions of the act, then this court has no right to entertain jurisdiction of the said appeal, for the obvious reason that no such right is therein conferred. It is analogous to the jurisdiction in bankruptcy specially delegated to the lord chancellor of England, committed to him as keeper of the great seal. In the discharge of that jurisdiction he exercised all the powers of his court, but no appeal lay from his decisions in such cases, because no law had been passed authorizing such appeal. (*Ex parte Cowan*, 3 Barn. & Ald. 123.) The general statutes of this State only authorize an appeal from a judgment in an action or decree in a suit. The determination in this proceeding is neither, and it will require a special enactment to give an appeal therefrom. This appeal must therefore be dismissed.

LORD, J., concurred.

On a petition for a rehearing the following additional opinion was delivered October 13, 1885: —

THAYER, J.—After hearing the appeal herein, the court was of the opinion that it had no jurisdiction to review the decision of the Circuit Court from which the appeal was taken, and so announced; but the appellant's counsel filed a petition

for rehearing, and insists very strongly that the court was in error. He contends that the proceeding in the Circuit Court was only the exercise of ordinary equity jurisdiction, and that its decision was a decree from which an appeal will lie to this court under the provisions of the statute regulating appeals. If the proceeding had been a suit to remove the assignee, brought in the ordinary way, the counsel would, no doubt, be correct. When the jurisdiction of a court is called into exercise by an action or suit in the regular mode of proceeding, the right of appeal from the judgment or decree rendered therein, as provided by general statute, will, no doubt, attach, whether such jurisdiction is derived from the common law, or has been conferred by statutory enactment. The decision of the Supreme Court of California (*Sharon* v. *Sharon*, 6 West C. Rep. 856), to which our attention has been called, that an action of divorce was within the appellate jurisdiction of that court under the former Constitution of that State, could, I think, have been maintained upon this ground, whether such action was in the nature of a case in equity or not. The proceeding, as I understand, was in the ordinary mode of an action in that State, was commenced and prosecuted in the same manner, and differed from other actions only in the nature of the relief sought. This case is not an action or suit; it is a mere special statutory proceeding under the act of the legislative assembly, "to secure creditors a just division of the estate of debtors who convey to assignees for the benefit of creditors." The clause under which the proceeding was had provides that the Circuit Court or judge may, in certain cases, appoint an assignee. It says: "If on complaint before the court or judge it should be made to appear that any assignee is guilty of wasting or misapplying the trust estate, said court or judge may direct and require additional security, and may remove such assignee, and may appoint others instead." Such a complaint was made to the Circuit Court in this case, and it refused to remove the assignee, but did require him to give additional security, and it is from that ruling that the appeal was taken. The proceeding was had before the court, but might just as well have been had before the judge. It was a

mere summary affair, except so far as the parties attempted to dignify it by making up an issue, having a referee appointed, and by going through with all the formality of taking depositions and having a finding of facts and law and hearing before the court. Such a prolix affair could never have been contemplated by the legislative assembly when it passed the act. It would consume too much of the estate in fees and expenses, and giving the right of appeal to this court would delay its settlement beyond all reasonable forbearance. At all events, I am satisfied that the right to such an appeal does not exist unless especially given. I am of the opinion that where a court or judge is directed by statute to exercise a particular function in a manner different entirely from the ordinary mode of procedure by action or suit, no appeal to this court from the determination of such court or judge will lie unless provided for in the act itself, for the reason that the general statutes of this State, regulating appeals to this court, do not, in my judgment, extend to such a case, and no such right exists except by force of a statute. (*Wilcox* v. *Saunders*, 4 Neb. 572.) In *Morgan* v. *Thornhill*, 11 Wall. 65, an appeal was taken from a decree of the Circuit Court of the United States for the district of Louisiana to the Supreme Court, made in the exercise of its supervisory jurisdiction, conferred by the Bankrupt Act of the 2d of March, 1867. A motion was made in the Supreme Court to dismiss the appeal, upon the grounds that the decree was rendered by the circuit judge by virtue of the special power conferred on the Circuit Court, on the judge thereof, to exercise a general superintendence and jurisdiction of all cases and questions arising under said bankrupt act, and that from such class of decrees no appeal would lie. The Supreme Court, in referring to that class of jurisdiction conferred on the Circuit Courts, said that the act made no provision for an appeal to that court in any such case, whether the case or question presented or involved in the bill, petition, or other proper process was submitted to the court or to a justice thereof, or whether the case or question was heard or determined in vacation or in term time, and dismissed the appeal. The question there determined was analogous in prin-

ciple to the one under consideration, and I can see no good reason for changing the former view expressed.

It was held in *Sharon* v. *Sharon*, before referred to, that the decree for alimony granted in the action of divorce was in the nature of a final judgment or order, and the appellant's counsel may claim that that is an authority in favor of his position that the refusal of the Circuit Court to remove the assignee was a final order. There is no similarity between the two cases. But conceding that the latter order was a final order, it would not follow that an appeal could be taken therefrom. It would not be " an order affecting a substantial right, and which, in effect, determined the action or suit so as to prevent a judgment or decree therein,"or " a final order affecting a substantial right made in a proceeding after judgment or decree." (Civ. Code, § 525.)

The petition for rehearing should, therefore, be denied, and it is so ordered.

LORD, J., concurred.