## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### TAYLOR & OTHERS *v.* MAHONEY.

#### April 8, 1897.

1. TRUST DEEDS—*Fraudulent per se—Selling in course of trade—Failure to provide for a sale on request.*—A provision in a deed of trust on a stock of goods to secure creditors which authorizes the trustee to dispose of the stock in due course of trade does not render the deed fraudulent on its face, nor is the deed rendered void by a failure to provide in express terms for a sale by the trustee on request of the creditors secured. Sec. 2442 of the Code amply provides for a sale in case of default in the payment of the debt secured.

2. TRUSTEES—*Case at bar—Mismanagement—Settlement of accounts—Continuing the trustee.*—The trustee in the case at bar was guilty of mismanagement of the trust subject, and his accounts should be settled under the order of the court and a decree rendered against him for the balance appearing to be due by him. The evidence fails, however, to establish fraud and collusion between the trustee and the grantor in the deed, and the question whether the trustee should be continued was a matter in the sound discretion of the trial court.

Appeal from several decrees of the Corporation Court of the city of Norfolk, and of the Court of Law and Chancery of said city to which the cause was removed, in a suit in chancery wherein the appellee·was the complainant and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*Borland & Wilcox,* for the appellants.

*Geo. McIntosh* and *G. M. Dillard,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

This case is as follows: S. J. Taylor, conducting a bar-room and liquor business in the city of Norfolk, under the style and firm name of S. J. Taylor & Co., being insolvent, on the 18th day of December, 1893, executed a deed of trust to S. Marx, trustee, conveying certain real estate in Virginia and in North Carolina, and his stock of liquors, cigars &c., in his place of business, 129 and 131 Church street, in the city of Norfolk, to secure certain creditors named therein, making a preference as to six classes, and in the seventh securing all other creditors of the grantor ratably. The deed contains this clause: "And for the more perfect carrying out and execution of this trust, and the provisions thereof, the said trustee, hereinbefore named, shall have the power, at his election, to dispose of said property, by public auction, after reasonable notice, or private sale, and he shall also be at liberty to dispose of the goods and property contained in and upon the premises Nos. 129 and 131 Church street, by retail, and in the ordinary course of trade, and, for that purpose, may employ such clerk or clerks and other employees as he may think necessary, and allow them as compensation for their services such sum or sums of money, out of the proceeds of sale as shall be reasonable and just."

The deed does not provide for a sale by the trustee of the property conveyed therein when required so to do by the creditors secured, and the trustee took charge of the business conducted by his grantor at Nos. 129 and 131 Church street, and conducted the same, employing the grantor as clerk or salesman in the conduct of the business until some time in November, 1894, replenishing the stock from time to time.

On the 24th day of November, 1894, the appellee, John Mahoney, plaintiff in the court below, who, as a wholesale liquor dealer, had been selling liquors and other supplies to Marx, trustee, from the time the latter took charge under the deed from S. J. Taylor, and a creditor secured in the seventh clause of the deed, filed his bill for himself and such

other creditors of Taylor as might make themselves parties to the suit, alleging that the deed to Marx, trustee, was made for the benefit of S. J. Taylor himself, and not for his creditors; that it was made with intent to delay, hinder, and defraud complainant and other creditors of Taylor; that this fraudulent intent appears both on the face of the instrument and from the lapse of time and manner of conducting the business and trust by Taylor and Marx, trustee; and that the deed is fraudulent and void.

Upon this bill, the answer of defendants, Taylor and Marx, trustee, and exhibits therewith, the court below appointed a receiver to take charge and rent out the real estate conveyed in the deed, and to sell the personal property not later than January 1, 1895, till which date the receiver was authorized to sell the stock of merchandise and other personal property at Nos. 129 and 131 Church street privately, by retail; and later on, upon the papers formerly read and the answers of creditors preferred in the deed, the cause was referred to a commssioner to take an account of the property conveyed in the deed, the amount and priority of all liens thereon, and to report all other matters pertinent to the cause.

In response to this decree the commissioner, among other things, reported that there was a personal liability upon S. Marx, trustee, for profits made from the use of the trust assets in business to the amount of $2,151.38, to which the creditors of Taylor were entitled. Upon this report, and a supplemental report, which, in the view we take of the case, need not be specially noticed, the court below, treating the deed of assignment from S. J. Taylor to Marx, trustee, as fraudulent and void, allowed to S. J. Taylor the homestead exemption out of the property conveyed in the deed; decreed against S. J. Taylor and Marx, trustee, jointly and severally for the sum of $2,151.38, with interest thereon from the 15th day of April, 1895, till paid, and required them to deposit the amount in the Citizens Bank of Norfolk to the credit of

the court to be appropriated, as far as might be necessary, to the satisfaction of the claims of creditors, and directed the commissioners of the court appointed for the purpose to make sale of the residue of the property conveyed in the deed to Marx, trustee; and gave preference to the claim asserted by Mahoney, and others who filed petitions in the cause, over the creditors preferred in the deed.

This court is of opinion, First, that the deed from Taylor to Marx, trustee, is not fraudulent on its face, and should not have been declared void for that reason. It is not unfrequently the case that an assignment of a stock of goods or merchandise is made with the stipulation that the trustee may continue the business so as to dispose of the stock in the due course of business, and this of itself does not make the assignment void; nor is the fact that the deed does not in express terms provide for a sale by the trustee of the property conveyed when required so to do by the creditors secured, sufficient of itself to render the deed void. Section 2442 of the Code amply provides for a sale of the property by the trustee when there is default in the payment of the debt or debts secured, &c., and he is required to sell by such creditor or creditors.

Second, the evidence does not establish fraud and collusion between the grantor and the trustee with that certainty and clearness with which the law requires fraud to be proven, and the deed ought therefore to have been upheld as a valid deed. The question is not whether the trustee might prove unfaithful, or did in fact prove unfaithful —a contingency of which there is no intimation in the deed—but whether the provisions in the deed, if carried out according to their apparent intent, would be fraudulent in their operation. *Peters* v. *Bain*, 133 U. S. 670.

Third, the evidence does show mismanagement of the trust by the trustee, and the court, having taken control of the

subject, ought to have proceeded to administer the trust for the benefit of the creditors secured

Fourth, the decree against the trustee was not warranted upon the evidence. The commissioner should have been required to settle the trustee's accounts, charging him with receipts and crediting him by such proper disbursements as he could show he had made, and the court should have decreed against him only for such balance as appeared in his hands.

Fifth, the deed being valid the grantor was, of course, entitled to no homestead, and that subject is eliminated.

Sixth, the question of continuing the trustee named in the deed in charge, under the circumstances, was in the sound discretion of the court. It should proceed at once to wind up the trust by selling the property by some one appointed for that purpose, and disbursing the proceeds to the creditors in the order of priority named.

The decrees appealed from must be reversed, and the cause remanded to be proceeded with in conformity with the foregoing views.

*Reversed.*