## *Ex Parte* Jonas.

### *Mandamus.*

(Decided April 14, 1914. 64 South. 960.)

1. *Appeal and Error; Nature of Right.*—Appeals are of statutory creation and while remedial and entitled to a liberal construction, yet the authority for an appeal must be found in the statute.

2. *Same; Final Decree; Discharge of Receiver.*—A receiver is but an officer of the court, and his discharge cannot affect any of the substantial merits of the cause, and in the absence of a statutory provision for an appeal by a receiver from an order of dismissal, an appeal cannot be maintained; such an order not being a final decree within the purview of section 2837, Code 1907.

3. *Same; Who May; Final Decree.*—Under the direct provisions of section 2837, Code 1907, the personal representative of one injured by a final decree may perfect an appeal which must be taken within twelve months.

4. *Same; Review; Discretion.*—In the absence of abuse an order of a court made in the exercise of its judiciary discretion will not be reviewed on appeal.

5. *Same; Orders Appealable; Removal of Trustee.*—Construing sections 6060 and 6102, in connection with section 2837, Code 1907, it is held that the order removing the trustee was not a final decree in such a sense as will support an appeal, since, under section 2837,

Code 1907, a final decree is one on the merits which settles the equities litigated, and the right of the trustee to administer the trust, does not affect the substantial equities.

6. *Assignment; Benefit of Creditors; Trustees.*—The right of a trustee to whom an assignment has been made for the benefit of creditors to compensation is a mere incident of the trust and not a property right.

7. *Trusts; Title of Trustee; Equity.*—In a court of equity the cestui que trust is the absolute owner of the trust property, the trustee taking only sufficient title to discharge the trust.

8. *Mandamus; Scope.*—Mandamus is the proper remedy to compel the chancellor to deny an appeal from an order removing a trustee of a trust for the benefit of creditors, since mandamus will lie to compel a proper exercise or to prevent an abuse of judicial discretion.

(Mayfield and Sayre, JJ., dissent.)

ORIGINAL petition in the Supreme Court.

Petition by Rebecca Jonas for a writ of mandamus directed to the judge of the law and equity court of Mobile county to compel him to refuse to grant an appeal from an order entered by him discharging a trustee. Writ granted.

GREGORY L. & H. T. SMITH, for appellant. A supersedeas can operate only upon so much of the decree as is not self-executed, and cannot operate to restore the trustee to the trusteeship.—High on Injunction, 1698-a; Elliott on Appellate Procedure, §§ 391-2; 110 Inda. 240; 64 Cal. 44; 11 page 379. No appeal in Alabama can operate as a supersedeas except in cases falling within the purview of §§ 2873-5, Code 1907.—*Ex parte Tower M. Co.,* 103 Ala. 414; *Ex parte Hood,* 107 Ala. 520. A supersedeas cannot be granted suspending an order for the removal of a trustee.—36 South. 31. Mandamus will issue to set aside any order awarding a supersedeas of a decree which does not fall within the statutes authorizing an appeal.—*Ex parte Walker,* 54 Ala. 577; *Ex parte Tower M. Co., supra.* While a trustee may appeal from an order, affecting his trust or from any or-

der requiring him to pay out money or deliver property, no appeal will lie upon an order removing such trus- tee as such an order is discretionary.—*Padgett v. Brooks,* 140 Ala. 257; *Jones v. Phillys,* 77 Ala. 314; *Davis v. State,* 131 Ala. 10; 2 Cyc. 611.

HENRY HANAW, PALMER PILLANS and R. T. ERVIN, for appellee. Pake was the party complainant, the decree was a final decree, and entitled him to an appeal from the order of removal.—§ 2837, Code 1907; *Headon v. Turner,* 6 Ala. 66; *Stoutz v. Huger,* 107 Ala. 248; *Kidd v. Morris,* 127 Ala. 397; *Williams v. Harper,* 95 Ala. 610; *Louisville M. Co. v. Brown,* 101 Ala. 273; *Etowah M. Co. v. Wills Valley M. Co.,* 106 Ala. 492. Superse- deas is not originally a creature of statute, and is allow- able without statute.—64 Pac. 18; 10 Neb. 243; 48 Neb. 762; 58 Neb. 372.

GARDNER, J.—On the 20th day of March, 1911, the Leinkauf Banking Company, a corporation, executed and delivered to one Harry B. Pake a deed of general assignment for the benefit of its creditors, and the said Pake, on March 23, 1911, filed a petition in the law and equity court of Mobile, under the provisions of our stat- ute (section 6060, Code), for the administration of said trust. The law and equity court assumed thereby juris- diction of the administration of said trust, and the same is now pending in said court. The petitioners herein, who are ordinary creditors of the said Leinkauf Bank- ing Company, whose verified claims have been filed in said court without the filing of objections thereto, made a motion in the court below that the said Harry B. Pake be removed as trustee of said estate, assigning numerous grounds therefor. Evidence was duly taken before the register, and the court entered an order removing said

Pake as trustee and appointing one Henry A. Horst as his successor. In his opinion, which appears in the answer of the respondent, the court said: "In determining as to whether the assignee should be removed, I must look, primarily, to the interest of the trust; the assignee's interest being of secondary concern. Whether or not the assignee has violated his trust, or has been guilty of gross negligence in its administration to its loss, as charged against him in the petition, in view of the evidence taken, and reported by the register, I am of the opinion that the assignee is not the proper person to further execute the trust, and that it is to the interest of the trust that he should be removed. It may be that it will become necessary to institute suit or take other steps to recover for the trust moneys of the trust which certain persons may have received wrongfully, and because of the assignee's intimate personal relations with these persons and the fact that his selection as assignee was due to them I think it would be to the interest of the estate to intrust these matters to some trustee, and an order will be here entered removing him from the trusteeship, and requiring him to make final settlement of his accounts, and appointing à new trustee." The order of removal was accordingly entered, and the said Henry A. Horst was appointed trustee in the place of said Pake. The said Pake was also ordered to turn over to his successor all books of account and papers relating to the trust, and also all moneys and assets of the trust remaining in his hands, as soon as said Horst should give bond as trustee. The newly appointed trustee qualified as such by the execution of the bond required.

Thereafter said Pake filed his petition in said court, praying an appeal to the Supreme Court, from said order, and the court fixed the amount of bond for superse-

deas of said order or decree, and that upon the execution of such bond the said decretal order be superseded pending the appeal. In response to this petition, the court entered an order fixing the amount of supersedeas bond to be executed by said Pake upon appeal. The answer of the respondent (paragraphs 5 and 8) shows that the learned judge of the law and equity court so fixed the amount of said supersedeas, upon the idea that said Pake had by statute the absolute right of appeal from said order of removal. In paragraph 8 of the answer he says: "And respondent submits that his action was proper and lawful in the premises, and was the only action that he could lawfully take in the premises, for that, as respondent understands the law, he was without discretion in the premises save and except only as to the amount of the supersedeas bond; said Pake having the right to appeal and supersede, and the judge being required only to fix the amount of bond." Appeal having been taken by Pake, and the bond executed, the decretal order of removal has been considered as superseded pending said appeal, and said Pake has therefore continued as trustee. Petitioners here seek by mandamus to have said order fixing the amount of supersedeas upon appeal vacated, and to have the administration of said estate proceed through the newly appointed trustee.

The first question presented for consideration is whether or not the decretal order removing the trustee is such as will support an appeal by said Harry B. Pake. If not so appealable, then it is clear, and seems to be conceded by counsel for appellee, that petitioners are entitled to the relief they here seek, and that such a determination will be decisive of the case.

Counsel for the respective parties to this proceeding have cited us to no authority directly in point, and the

question appears to be, at least in our state, a novel one.

Allowance of appeals to this court is wholly by legislative enactment. They are entirely of statutory creation, and, while such statutes are remedial and to be liberally construed, yet authority for the appeal must be found in the statute.—*Stoutz, Adm'r, v. Huger,* 107 Ala. 248, 18 South. 126; *May v. Courtnay, Tennant & Co.,* 47 Ala. 185.

Recognizing this to be the rule, counsel insist that the decretal order is a final decree, and that therefore appeal is provided by section 2837 of the Code, which in part reads as follows: "From any final judgment or decree of the chancery, circuit, or courts of like jurisdiction, city, or probate court, except in such cases as are otherwise directed by law, an appeal lies to the Supreme Court, for the examination thereof, as matter of right, on the application of either party, or his personal representative." It is urged that Pake was a party to the cause within the meaning of the above cited statute, and that the order removing him was final, and therefore that the appeal lies.

Section 6054 of the Code provides that, "when an express trust is created for the payment or security of debts, and by the terms thereof the trustee is not required to give bond with surety, any creditor interested therein may apply to the register of the court of chancery * * * for an order requiring such trustee to give bond with surety for the faithful administration of the trust." The hearing of the application, etc., is provided for by the two subsequent sections, and section 6057 of the Code provides that, upon the failure of the trustee to execute the bond as ordered within three days, the register must enter an order removing him as a trustee and appoint his successor. There seems to be no provision for appeal from such order

to this court. By section 6058 of the Code it is made the duty of the trustee of an express trust for the payment of debts to make an inventory of the entire trust property within a given time, copies of which are required to be filed in the office of the register.

If the value of the trust estate, as appraised, exceeds $1,000, then the trustee, or assignee, or any creditor, may by petition have the trust estate administered in the chancery court as provided by our statute. The jurisdiction of the court, in such instances, depends upon no equitable principle whatever; but, when the estate exceeds the sum of $1,000, it is the absolute right of the trustee, assignor, or any creditor, to have the same administered in the chancery court. The jurisdiction is conferred by the statute. Little weight can be attached, therefore, to the argument of counsel that it was upon petition of the trustee that the court first acquired jurisdiction. This is immaterial, for the reason that as a matter of absolute right the same jurisdiction could have been called into exercise by any creditor, or any number of them, or by the assignor.

Claims, under the statute, must be filed within a given time. The trustee is required to file his account with the register at stated times, and provision is made for the hearing of, and passing upon, said account, as is done by the administrator of the estate of a decedent. By section 6075 he may be compelled to file his account, by citation issued by the register, in all respects as executors and administrators may be compelled to make settlement in the probate court; or, upon motion of a majority in value of the creditors, the register must remove such defaulting trustee and appoint another in his stead, who may be nominated by the creditors in the manner provided for the nomination of an administrator of an insolvent estate by the creditors thereof.

There appears in the statute much similarity to the administration in the probate court of the estate of a decedent. If there is any appeal from such an order of removal as is provided by section 6075, it can be found only in the language of section 6072. This, however, it is unnecessary to decide.

Since we are concerned here with what is a final decree in a cause, it is well that we should consider the nature of the proceedings in the court below. It needs but a moment's reflection upon and consideration of the above statutes, to demonstrate that the subject-matter of the proceedings in the law and equity court is the administration of the trust estate.

In the case of *Adams v. Sayre,* 76 Ala. 517, speaking to the question of a final decree, it is said: "It is the settled doctrine of this court that, as a general rule, there can be but one final decree upon the merits of a chancery cause, which is required to settle all the equities litigated, or necessarily involved, in the issues of the particular suit. The policy of the rule is found in the indisposition of the appellate courts to multiply appeals, by undertaking 'to review litigated cases by piecemeal.' * * * A decree may, nevertheless, be partly final, and partly interlocutory; final, so far as it determines all issues of law and fact, constituting the equities proper of the cause, and interlocutory as to ulterior proceedings regulating its mode of execution. * * * No general rule can probably be stated, which would define accurately, for all possible emergencies, what constitutes the equities of every case. These equities embrace the substantial merits of the controversy— the material issues of fact and law litigated or necessarily involved in the cause, which determine the legal rights of the parties, and the principle by which such rights are to be worked out." It thus appears that for

a decree to be final it must determine some substantial merits of the cause; it must involve an adjudication as to some of the equities of the case.

When an estate is being administered by the chancery court through a receiver, there is no difficulty in determining what constitutes the equities of the cause, the substantial merits thereof. The receiver may be discharged by the court and a successor appointed; and it is conceded, there being no statutory provision therefor, that from such a discharge no appeal would lie.—*Pagett v. Brooks,* 140 Ala. 257, 37 South. 263. He is but an officer of the court, and his discharge can in no manner affect any of the substantial merits of the cause. The analogy to the case in hand is, in our opinion, complete. The only argument advanced to demonstrate a difference is that the trustee received his appointment by deed, and the receiver his, from the court. The distinction is more in theory than in reality. True, the trustee was named in the deed, but when he accepted the trust it was with a recognition of the law that the administration of the trust estate is subject to the jurisdiction of the chancery court, and, when that jurisdiction is rightfully assumed, that the trust is to be administered through the court, and not through the trustee except as an instrument of the court. True, as is argued, the trustee is interested by way of compensation, and so also is a receiver; but this is a mere incident in the administration of the trust estate, and in no manner affects any of the substantial merits of the cause. It is not a property right in the trust estate, but is an incident to the office he holds as trustee or receiver, for services rendered.

The instant case also finds analogy in the administration, in the probate court, of the estate of a decedent; and in fact several references are so made in the sections above noted.

Appeal from an order of the probate court removing an executor or administrator is especially provided for by subdivision 3 of section 2856 of the Code, which requires that such appeal be taken within five days after such order. Section 2859 provides for supersedeas bond on such an appeal, and fixes the conditions thereof. Indeed, all the indications of our statutory system seem to point to the conclusion that such orders of removal are not final in the sense of section 2837, so as to support an appeal, as involving in any manner the merits of the cause; and that they are not therefore appealable except as specially authorized by statute.

Again, if this order of removal be considered a final decree such as to fall under the influence of section 2837 of the Code, then it must follow also that the appeal could be perfected by his personal representative in the event of his death.—*Stoutz, Adm'r, v. Huger,* 107 Ala. 252, 253, 18 South. 126. And such appeal could be so prosecuted within twelve months.

It does not seem consonant with sound reasoning to suppose that from an order removing a trustee from the administration of the estate, his personal representative, in the event of his death, could prosecute an appeal; and yet this logically follows if, as is here contended, it be considered a final decree, and the trustee, a party to the cause. "The Supreme Court is without jurisdiction to entertain an appeal from orders of the lower court in a pending suit in chancery, unless such decree or order is either a final decree or is one of the certain interlocutory orders provided by statute."—*McKleroy v. Gadsden L. & Imp. Co.,* 126 Ala. 184 (1st headnote), 28 South. 660.

We are clear in the opinion that the order removing the trustee in this case is not a final decree in the cause, and that it does not come under section 2837 of the

Code; and it is not insisted by counsel that it is any such interlocutory order as above mentioned, from which an appeal is special provided.

Nor do we see merit in the insistence that the legal title to the property is by virtue of the deed vested in the trustee. While in a court of law the trustee, as here, may be considered the owner, yet in a court of equity the cestui que trust is the absolute owner, the beneficial and substantial owner. Such trustee takes under the instrument precisely that quantum of legal estate which is necessary to the discharge of the declared powers and duties of the trust, no more and no less.—*Robinson, et al. v. Pierce, et al.,* 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160.

So here, this trust was created for the payment of the creditors of the assignor, and it is being administered in the court primarily for the benefit of such creditors; they, in a court of equity, being the beneficial owners of the estate. No one would contend that upon the death of the trustee the title would descend; but a court of equity may appoint his successor, with all the powers and duties given the first, at the instance of the cestui que trust, and, as held in *Sullivan v. Latimer,* 35 S. C. 422, 14 S. E. 933, this may be done by ex parte proceeding. "The power of a court of equity to remove a trustee, and to substitute another in his place, is incidental to its paramount duty to see that trusts are properly executed."—1 Perry on Trusts, § 275, note (a).

Section 6102 of the Code provides that the chancery court may remove any trustee on petition of any person interested in the execution of the trust, for certain causes there set out, or if, for any reason, he is an unsuitable person to execute the trust. This, however, seems to be mainly a declaration of the law as it existed, at least so far as concerns the powers of chancery

after it has assumed jurisdiction of a trust estate, as here.

Mr. Pomeroy (Eq. Jur. vol. 3, § 1086) says: "The power of courts of equity over the removal and appointment of trustees, independently of any statutory authority, or any directions in the instrument of trust, is well established. This power is confined to cases of actual express trusts. * * * The exercise of this function by a court of equity belongs to what is called its sound judicial discretion, and is not controlled by positive rules, except that the discretion must not be abused." Speaking to the same question, Mr. Perry (1 Trusts, § 275) has this to say: "The matter rests in the sound discretion of the court." So, also, the Supreme Court of Virginia, in *Taylor v. Mahoney,* 94 Va. 508, 27 S. E. 107, says: "The question of continuing the trustee named in the deed in charge, under the circumstances, was in the sound discretion of the court."

While it is recognized as the general rule that matters resting in the sound discretion of the court are not reversable (Elliott's Appellate Procedure, § 598) unless for abuse thereof, yet we do not cite the above authorities to show that, because such is the case, no appeal here lies, but chiefly as an indication and reason why the lawmakers have not made special provision for appeal in a case as here presented.

Counsel insist that appeal must lie for the reason that many appeals have been taken by removed trustees and no question raised as to the right. We are cited particularly to *McPherson v. Cox,* 96 U. S. 404, 24 L. Ed. 746, and *Cavender v. Cavender,* 114 U. S. 464, 5 Sup. Ct. 955, 29 L. Ed. 212. An examination of these cases discloses that the bill was filed solely for removal of the trustee, that this was the equity constituting the substantial merits of the cause. Such was also the case in

*Jones v. McPhillips*, 77 Ala. 314, decided, it seems, prior to the enactment of some of our present statutory provisions. Where the sole equity of the bill, as there, was the removal of the trustee, it may be easily seen that the decree of removal would be a final decree under section 2837, because an adjudication of that which constituted the substantial merits of the cause.

Here, the court has acquired full jurisdiction of the trust estate. The trustee is subject to the orders of the court, any provisions of the trust deed to the contrary notwithstanding. The substantial merits of the cause involve the trust estate and its administration, and not by whom, or by what agency, it is to be administered. The removal of the trustee, therefore, resting in the sound discretion of the court, is a mere incident in the administration.

That no appeal should have been provided from such order in cases of this character, it would seem is in accord with sound reasoning and common sense. If appeal and consequent supersedeas are matters of right, then, upon taking an appeal, the trustee continues in office, although he may be, in fact, acting in direct defiance of the court—as, for instance, in declining, or failing to bring suits, etc.—and the court is left without power, pending such appeal, to wrest from such trustee the trust estate and administer the same for the benefit of those who are in equity the beneficial owners thereof.

We repeat that we are convinced that such an order is not a final decree within our appeal statute (section 2837), and our lawmakers have not seen fit to provide appeal by special enactment.

For an abuse of judicial discretion, it is recognized that mandamus is the proper remedy, and will lie, to compel a proper exercise thereof.—*State v. Board of Rev. & Road Com'rs*, 180 Ala. 489, 61 South. 368; 19 Am. & Eng. Ency. Law, 737.

It therefore results as our conclusion that the judge of the law and equity court was without authority to enter the order fixing amount of supersedeas bond, for that no appeal would lie from the order of removal, and that the administration of the estate should have proceeded through the newly appointed trustee.

Judgment will be therefore here entered, granting the preemptory writ as prayed in the petition.

Mandamus granted.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. MAYFIELD and SAYRE, JJ., dissent.