[Civil No. 1772.   Filed April 7, 1920.]

[188 Pac. 875.]

In re RICH HARDWARE COMPANY. CRUNDEN–MARTIN MANUFACTURING COMPANY, a Corporation, et al., Appellants, v. SHIRLEY CHRISTY, Assignee for the Estate of RICH HARDWARE COMPANY, Appellee.

1. APPEAL AND ERROR—REFUSAL TO REMOVE ASSIGNEE NOT APPEALABLE—"FINAL ORDER."—Under Civil Code of 1913, paragraph 1787, empowering a judge of superior court to remove an assignee for benefit of creditors under the statutory proceeding, but providing for no appeal, an order denying application for removal without prejudice to right to renew is not a "final order" within the general statutes for appeals.

2. APPEAL AND ERROR—PROPER APPEAL DISMISSED ON MOTION BASED ON OTHER GROUNDS.—Where assignee for benefit of creditors moved to dismiss the appeal from an order denying application for his removal because the court had entered final order of distribution, the court will dismiss the appeal for want of jurisdiction to entertain it, though no objection to the jurisdiction was made.

APPEAL from an order of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Appeal dismissed.

The appellee, Shirley Christy, became the statutory assignee of the Rich Hardware Company, a partnership, by deed of assignment duly made and recorded as of date of October 1, 1917, and entered upon the duties of the trust after qualifying, all as prescribed by part 12, title 6, "Assignments for the Benefit of Creditors." Civ. Code Ariz. 1913. The appellants were creditors of such insolvent estate, and became parties to the assignment by filing their claims therein.

This proceeding was commenced on the fifteenth day of May, 1919, praying for an order removing Shirley Christy as such assignee for the reasons stated in the said petition, principally because such assignee has mismanaged the trust in the particular that he has continued the business as a going concern, and has not liquidated the business as the assignment contemplates, and because he has paid certain expenses incurred by operating such business, and thus neglects and refuses to perform the trust.

On August 4, 1919, the court formally heard the parties and such proof as was offered on the issues formally joined in their respective pleadings, and intimated orally that the assignee's duty under the trust is to close the estate when conditions would permit, within a reasonable time, stating that the assignee "has done fairly well to the extent that he has paid off forty per cent; . . . then, if an attempt is not made to make a proper adjustment (after reasonable time has expired), this court be appealed to again."

The court made and filed formal findings of fact and entered a formal judgment to the effect that petitioners take nothing; that the assignee recover his costs; and "that the assignee within a reasonable

time dispose of all assets and make distribution to creditors.''

The petitioners formally moved for a new trial, which was denied by the court. From the said order and from the order refusing a new trial, the petitioners gave notice of appeal to this court, and in due time filed such appeal here.

Messrs. Townsend, Stockton & Drake and Messrs. Chalmers, Stahl, Fennemore & Longan, for Appellants.

Mr. J. E. Morrison, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above.)—The parties have not raised any question as to the right to appeal from the orders involved. Paragraph 1787, Revised Statutes of Arizona of 1913, provides:

''If any assignee becomes unsuitable to perform the trust, refuses or neglects so to do, or mismanages the property, the judge of the superior court may, upon the application of the assignor, or one or more of the creditors, upon reasonable notice to all parties interested, by publication or otherwise, as such judge may direct, remove such assignee, and in case of vacancy by death or otherwise, shall appoint another in his place who shall have the same powers and be subject to the same liabilities as the original assignee.''

The application referred to in said statute was made by the creditors named in such application to the judge of the superior court to remove the assignee because of the mismanagement of the estate intrusted to him. Upon due investigation and consideration, the judge refused to remove the assignee at the time, and, in effect, dismissed the application without prejudice to renewal of the application at a later date.

The same situation arose under a statute of Oregon of like effect with our paragraph 1787, *supra*. *In re*

*Goldsmith Estate,* 12 Or. 414, 7 Pac. 97; on rehearing, 12 Or. 414, 9 Pac. 565. In the opinion reported in 12 Or. 420, 9 Pac., on page 566, the court said:

"It was a mere summary affair (the trial of the application to remove the assignee), except so far as the parties attempted to dignify it by making up an issue, having a referee appointed, and by going through with all the formality of taking depositions and having a finding of facts and law and hearing before the court. Such a prolix affair could never have been contemplated by the legislative assembly when it passed the act. It would consume too much of the estate in fees and expenses, and giving the right of appeal to this court would delay its settlement beyond all reasonable forbearance. At all events, I am satisfied that the right to such an appeal does not exist unless especially given. I am of the opinion that, where a court or judge is directed by statute to exercise a particular function in a manner different entirely from the ordinary mode of procedure by action or suit, no appeal to this court from the determination of such court or judge will lie unless provided for in the act itself, for the reason that the general statutes of this state regulating appeals to this court do not, in my judgment, extend to such a case, and no such right exists except by force of a statute."

The court adhered to its conclusion as previously expressed (12 Or. 414, 7 Pac. 97) and denied the motion. The court had expressly decided that the Insolvent Act of Oregon (Laws 1878, p. 36) does not give the right to appeal from an order refusing to remove the assignee of the insolvent estate.

A similar question was presented in *Ex parte Jonas,* 186 Ala. 567, 64 South. 960. The chancery court had acquired jurisdiction over the administration of an assigned estate. The creditors petitioned the removal of the assignee for mismanagement of the estate. The application was granted, and the assignee ordered removed and his successor appointed. The removed assignee appealed and furnished a *supersedeas* bond. The Supreme Court of Alabama

concludes that the statutes of that state provide no appeal from such order, and that the removal of the trustee rests in the sound discretion of the court; "is a mere incident in the administration." The court continues:

"That no appeal should have been provided from such order in cases of this character, it would seem, is in accord with sound reasoning and common sense. If appeal and consequent *supersedeas* are matters of right, then, upon taking an appeal the trustee continues in office, although he may be, in fact, acting in direct defiance of the court. . . . "

In *Pake* v. *Leinkauf Banking Co.,* 186 Ala. 307, 65 South. 139, a matter arising out of the same estate as did the appeal in *Re Jonas, supra,* the court reaffirmed the Jonas case. On rehearing the court treated the Pake case as in reality an application for a rehearing of the *Jonas case,* 186 Ala. 567, 64 South. 690. The court emphasized that, for a decree to be final within the meaning of the general statute of appeals of that state, "it must settle some of the substantial merits or equities in the cause," and the "order removing the trustee is a mere incident to the administration of the trust, in no way concerns any of the substantial merits or equities of the cause, and is therefore not such a final decree as will support an appeal."

The statute (paragraph 1787, *supra*) which expressly authorizes the judge of the superior court to remove the assignee for the causes shown upon application of the assignor or of a creditor provides no appeal from the ruling of such judge on the petition filed for the purpose of removing the assignee. The general statute of appeals does not include such order of the judge of the superior court. The order here involved is not a final order; on its face the order postpones final action to a future time, with permission for renewal.

I am therefore of the opinion that this court has no jurisdiction to review an order of the judge of the superior court refusing to remove the assignee of an insolvent estate being administered under the statute (part 12, Rev. Stats. Ariz. 1913, "Assignments for the Benefit of Creditors").

The said statute does not give this court the right to review such orders, and the general statute of appeals is likewise silent on that subject. The order of the judge of the superior court is in its nature an incident to the administration of the estate and is final. I do not wish to be understood as expressing an opinion to the effect that such order made by the judge of the superior court cannot be questioned on appeal in a proper case; but I mean that no appeal lies from such order alone to this court.

The appellee has not raised any objection to the appeal, based upon the jurisdiction of this court to entertain the appeal in the first instance, but he comes into this court with a showing to the effect that the trial court has entered a final order of distribution in the main case on the report of this assignee, and has distributed the assets of said estate, and has discharged the assignee after approving his accounts, and has closed this estate in that court.

These matters have transpired since this case was set for argument and submission, and now appellee has filed a motion praying for a dismissal of the appeal. The appellants have offered some resistance to this motion, the nature of which is unimportant, for the reason that this court has no jurisdiction to entertain the appeal.

The appeal is dismissed for that reason, and without passing on the merits of the said motion filed.

ROSS and BAKER, JJ., concur.