149 So. 725

### Ex parte OWEN.
### 8 Div. 850.

Court of Appeals of Alabama.
Sept. 12, 1933.

R. L. Polk, of Sheffield, for petitioner.

Arthur L. Shaw, of Tuscumbia, for respondent.

RICE, Judge.

D. I. Howard began in the circuit court of Lawrence county suit against petitioner, aided by an attachment which he caused to be issued and levied upon certain personal property alleged to belong to her. This property, to wit, "210 bushels of corn," was by order of the court, on motion of the plaintiff, sold, etc., under and in pursuance of the terms of Code 1923, § 6197; the sheriff making the sale being ordered "to retain the proceeds of sale to await the decision of this (the) cause," etc.

Petitioner, defendant in the attachment suit, undertook to appeal from the order referred to in the next preceding, herein, paragraph.

 This petition is her effort to have us issue writ of mandamus to the clerk of the circuit court commanding him to "issue a citation of appeal to the said D. I. Howard, and that he certify to this court a true and correct transcript of the record and proceedings in said cause (i. e., the suit of D. I. Howard against petitioner), together with a true and correct transcript of the order etc.," being the "order" referred to hereinabove. But we will not.

Appeals are of statutory creation, and the authority for an appeal must be found in the statute. Ex parte Jonas, 186 Ala. 567, 64 So. 960.

Neither Code 1923, §§ 6078, 6138, nor any other statute that we know of, authorizes an appeal from an order of the sort complained of here. If the order was improperly made, it is void; hence certainly could not support an appeal. See McCreery & Co. et al. v. Berney National Bank, 116 Ala. 224, 22 So. 577, 67 Am. St. Rep. 105.

It thus clearly appearing from the petition that petitioner is not, and cannot be, under the facts set up, entitled to the relief prayed for, the demurrers of the respondent, taking the point, are hereby sustained, and the petition is dismissed.

Demurrers sustained; petition dismissed.