35 So.2d 557

## BREWER v. BREWER et al.

### 8 Div. 427.

Supreme Court of Alabama.

May 27, 1948.

Proceeding in equity, after removal of administration from the probate court, by C. J. Brewer and Joe Brewer for removal of Paul Brewer as administrator of the estate of Patrick R. Brewer, deceased. From a decretal order of removal, respondent appeals, and appellees move to dismiss the appeal.

H. T. Foster, of Scottsboro, and H. G. Bailey, of Boaz, for appellant.

Brown, Scott & Dawson, of Scottsboro, for appellees.

GARDNER, Chief Justice.

Paul Brewer (appellant) in July, 1947, was appointed administrator of the estate of Patrick Brewer, his father, who died in April, 1932. The administration of the estate was duly removed from the Probate Court to the Circuit Court, in Equity, as provided by Title 13, § 139, Code 1940. Proceedings were duly instituted for the removal of Paul Brewer as administrator upon the ground of intemperance, a ground stipulated in Title 61, § 178, Code 1940. After notice and consideration of the testimony the circuit judge entered an order of removal. This order was entered in September, 1947, and on March 9, 1948, Paul Brewer prosecuted this appeal by giving security for costs.

■ Upon due consideration we find ourselves in accord with counsel for movants to the effect that the case of Ex parte Jonas, 186 Ala. 567, 64 So. 960, is by analogy here much in point and decisive in favor of the motion to dismiss the appeal. Counsel, of course, recognize that appeals are of statutory creation and that while such statutes are remedial in character and to be liberally construed, yet authority for the appeal must be found in the statute. Had the administration remained in the Probate Court and the administrator been removed, his right to appeal would have been limited under Title 7, § 776, Code 1940, to a period of 5 days, and by virtue of the subsequent section (779) a condition precedent to the prosecution of such an appeal was the requirement that the administrator give bond in a sum to be fixed not less than the amount of his bond as administrator. When an estate is removed into the Circuit Court by virtue of Title 13, § 139, supra, that court in the matter of administration is governed by its own procedure. Hinson v. Naugher, 207 Ala. 592, 93 So. 560.

After the passage of a period of something less than six months, administrator prosecutes this appeal upon the theory that it comes within the influence of an appeal from a final decree, as provided for in Title 7, § 754, Code 1940. Like argument was made in Ex parte Jonas, supra, in regard to the removal of the trustee in the will by the equity court. The holding was that it was not a final decree, nor was it a decree of interlocutory nature within the meaning of our statute. The reasoning there followed was that though there may be more than one final decree in an equity cause, yet the equities must embrace the substantial merits of the controversy, that is, the material issues of fact and law litigated or necessarily involved in the cause which determine the legal rights of the parties and the principle by which such rights are to be worked out. The court reached the conclusion that the trustee was a mere agent and that his removal did not come within the meaning of the language of our decisions concerning substantial merits of the cause; that the appointment of a trustee is a mere incident to the administration of the estate and in no manner affects any of the substantial merits. We referred particularly to the analogy of the administration in the Probate Court of the estate of the decedent, and though the question was not involved, we indicated strongly that the removal of the administrator could not be held a final decree within the meaning of our appeal statute.

The Jonas case, supra, was fully considered by the whole court, two of the justices dissenting. In the many years that have elapsed since that date, we discover no statute authorizing such appeal, and it would appear that the legislative department has been content to leave the matter of review by way of mandamus rather than appeal, as indicated in the Jonas case.

We have considered the authorities cited by counsel for appellant (among them McPherson v. Cox, 96 U.S. 404, 24 L.Ed. 746; Jones v. McPhillips, 77 Ala. 314; Holmes v. Holmes, 210 Ala. 227, 97 So. 628; Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; Carter v. Mitchell, 225 Ala. 287, 142 So. 514; Dawson v. City of Birmingham, 216 Ala. 641, 114 So. 221) in connection with their forceful argument in which the effort is made to distinguish this case from the reasoning in Ex parte Jonas, supra. Many of these authorities cited were not overlooked in the Jonas case, as a reading of the opinion will disclose.

■ It is clear enough that the removal of administrator was a matter which should be expeditiously disposed of, and one not left in the realm of speculation and uncertainty for a period of six months, or else the lawmakers would not have provided for an appeal to be prosecuted within a period of only five days, and require as a condition precedent the execution of a bond.

We feel that further discussion of this question is unnecessary. The motion to dismiss the appeal is due to be sustained.

In view of our suggestion of the remedy by petition for mandamus, and lest we be misunderstood, it is not inappropriate to add that the evidence has been carefully read and considered and the conclusion reached that the ruling of the trial judge

660

could not well be overturned. Though unnecessary to be stated, we thought it proper to give this conclusion upon the merits.

It results from what we have said, that in our .opinion, the motion to dismiss the appeal should be sustained. It is so ordered.

Appeal dismissed.

BROWN, SIMPSON, and STAKELY, JJ., concur.