MOORE, Chief Justice
(dissenting).
In my view the Washington Circuit Court improperly certified its judgment in this case as final and appropriate for appeal under Rule 54(b), Ala. R. Civ. P. Accordingly, this Court does not have jurisdiction, and the proper disposition is to dismiss the appeal.

I. Facts and Procedural History

In December 2005, the Washington Probate Court appointed William E. Moseley executor of his mother’s estate, which consisted of 2,740 acres of timberland and which was worth $4.4 million. The mother’s will also created trusts for her four granddaughters and appointed Moseley as trustee of the trusts. The will granted Moseley discretion in managing the lands and allowed him to receive compensation for his duties. Three of the granddaughters removed the administration of the estate to the circuit court in October 2006. See § 12-11-41, Ala.Code 1975. In November 2010, the removing granddaughters filed a complaint seeking Moseley’s removal as executor and trustee and the assessment of damages against him.
On November 14, 2012, the removing granddaughters also filed a motion asking the circuit court to require Moseley to repay the estate for any fees he had received without court approval and to deny him attorney fees for defending the removal action. At the hearing on November 20, 2012, Moseley appeared and requested a continuance because he was without a lawyer. The court refused, noting that Moseley had had several lawyers in the matter and that on August 22, 2012, the court had given him 30 days to find an attorney. After asking to be excused, Moseley left the hearing and did not return. The court heard the matter without him, found he had violated his fiduciary duty, and entered an order removing him as executor of his mother’s estate and as trustee of the three granddaughters’ trusts. The court also ordered Moseley to reimburse the estate for fees and commissions he had received in the amount of $389,183.21, and *170 disallowed any attorney fees for defending the removal action.
On November 26, 2012, the circuit court entered a Rule 54(b) order rendering final the judgment on the claims heard on November 20, 2012. On December 18, 2012, Moseley filed a postjudgment motion requesting the court to vacate its order because of its failure to allow him a continuance to hire counsel. On March 5, 2013, he filed a supplement to the motion, arguing that the circuit court had improperly tried the damages issues and thus had denied him a jury trial on that count.[1] Moseley’s answer, however, did not contain a jury demand. The Rule 59(e), Ala. R. Civ. P., motion was denied by operation of law.
Moseley did not appeal the trial court’s order of November 20, 2012, but only its denial of his Rule 59(e) motion to vacate the judgment.

II. Analysis

In its order of November 20, 2012, the circuit court stated that it was trying count one of the complaint to remove Moseley as executor and count two to remove him as trustee. “[T]he rest of the case,” the court stated during the hearing, “depending on my ruling, will be severed.” The court thus did not try counts three and four seeking damages and an accounting. Moseley raises three issues on appeal: (1) whether he was wrongfully denied a continuance to obtain counsel, (2) whether the court acted beyond its jurisdiction in awarding reimbursement for fees and commissions when the issue before the court was limited to Moseley’s removal as executor and trustee, and (3) whether the court erred in denying him a hearing on his Rule 59(e) motion to vacate its order.
I believe that the circuit court acted within its discretion in denying the continuance and the hearing on the Rule 59 motion. However, I do not believe we have appellate jurisdiction to review the circuit court’s order requiring that Moseley reimburse the estate for what he terms “a small fortune” in fees and commissions.
Rule 54(b) provides that a court may enter a final judgment on particular claims or against particular parties even though other claims and other parties remain in the action. But such a judgment is final only if it “has completely disposed of one of a number of claims, or one of multiple parties.” Committee Comments on 1973 Adoption of Rule 54(b). The circuit court’s adjudication of Moseley’s liability for commissions and fees was only an interim determination. In ordering that Moseley repay to the estate all moneys he had paid himself, the court cited McGallagher v. Estate of DeGeer, 934 So.2d 391 (Ala.Civ.App.2005). In that case the Court of Civil Appeals held that an order to remove an executrix could also include a requirement that she return funds she had paid herself from the estate. The court reasoned that “the repayment order was aimed at maintaining the status quo until the final settlement.” Id. at 402.
Although McGallagher approves the issuance of an ancillary order of repayment in a removal hearing, it does not provide grounds for certifying such an order as final under Rule 54(b). Because the repayment order was merely an interim order subject to modification upon final settlement, it has not “completely disposed of’ the removing granddaughters’ mone *171 tary claim against Moseley nor his claims against the estate.[2] “An order that does not dispose of the entire claim is inherently interlocutory in nature,” and thus “was ineffective to transform [the] ... order into a final judgment.” Tanner v. Alabama Power Co., 617 So.2d 656, 657 (Ala. 1993). Moseley does not appeal his removal as executor and trustee but only the repayment portion of the circuit court’s order. Because that part of the removal order, though formally certified for appeal under Rule 54(b), is interlocutory, I would not affirm the circuit court’s order but would instead vacate that portion of the order and dismiss the appeal as premature.[3]

. A court may permit an amendment to a timely filed Rule 59(e) motion, even if made after the 30-day period for filing the motion. Forester & Jeme, Inc. v. Daniels, 409 So.2d 830, 831-32 (Ala. 1982).

. In a motion to this Court, Moseley states that he has “valid and substantial claims” still pending against the estate.

. Had this appeal arisen from the probate court rather than the circuit court, my analysis would be different. This Court may hear an appeal from an order of the probate court "removing an executor or administrator.” § 12-22-21(3), Ala.Code 1975. This express statutory authority renders a Rule 54(b) certification of finality unnecessary. But no comparable statute provides jurisdiction to hear such an appeal from the circuit court. (McGallagher was an appeal from the probate court.) Although this Court has stated that it “has traditionally treated such orders of the circuit court as though they were orders of the probate court,” Tate v. Kennedy, 578 So.2d 1079, 1080 n. 2 (Ala.1991), that statement cited no authority. See also Eustace v. Browning, 30 So.3d 445, 449-50 (Ala.Civ.App. 2009) (following Tate)', Brown v. Brown, 21 So.3d 1, 2-3 (Ala.Civ.App.2009) (same).
I believe the Tate Court erred in construing a statute that by its express language applies only to appeals from the probate court to also encompass appeals from the circuit court. We are not at liberty to rewrite a statute. ”[W]e deem it inappropriate to engraft by judicial fiat a change the legislature has apparently not chosen to make.” Dale v. Birmingham News Co., 452 So.2d 1321, 1323 (Ala. 1984). In fact, "traditionally” this Court has recognized that an order of removal of an estate administrator is appealable from the probate court but not from the circuit court. Brewer v. Brewer, 250 Ala. 658, 35 So.2d 557 (1948). Although § 12-22-4, Ala.Code 1975, provides for an appeal to this Court from a judgment of the circuit court "on á partial or annual settlement of an estate of a deceased person,” the circuit court did not partially settle a portion of the estate; it only entered an interim repayment order.