# Pake *v.* Leinkauf Bank. Co., and Pillans, Hanaw & Pillans *v.* Same.

*Appeal From an Order Removing Trustee.*

(Decided April 14, 1914.   Rehearing denied May 14, 1914.
65 South. 139.)

1. *Appeal and Error; Parties Entitled.*—One not a party to a cause cannot prosecute an appeal therefrom to the Supreme Court; hence, attorneys for the assignee or trustee for the benefit of creditors, cannot appeal from a decree fixing their fees on an order removing the trustee.

2. *Same; Decrees Appealable; Discharge of Trustee.*—An order removing an assignee or trustee appointed for the benefit of creditors

[Pake v. Leinkauf Bank. Co., and Pillans, Hanaw & Pillans v. Same.]

is a mere incident of the administration of the trust, and is not a final decree within the purview of section 2837, Code 1907, and hence, not appealable.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Harry B. Pake was appointed assignee to take charge of and administer the affairs of the Lienkauf Banking Company for the benefit of its creditors. From a decree removing him, he appeals, and Pillans, Hanaw & Phillans appeal from a decree fixing counsel fees for representing such assignee. Appeal dismissed.

HENRY HANAW, PALMER PILLANS, and R. T. ERVIN, for appellant. Having failed to find in any instance, bad faith, fraud, gross negligence, or willful violation of any trust, the chancellor erred in the removal of the trustee.—Perry on Trusts, 5th Ed. § 276, p. 417; *Gould v. Hayes,* 19 Ala. 438; *Berry, Trustee v. Williamson, Tibbatts, et al.,* 11 B. Mon. p. 255; *Lyon v. Foscue,* 60 Ala. 482; *Jones v. McPhillips,* 77 Ala. 314; *Jones v. Phillips* (2nd Appeal), 82 Ala. 102; *Preston, et al. v. Wilcox,* 38 Mich. 578.

GREGORY, L. & H. T. SMITH, for appellee. The trusteeship of a trust is not a property right, but a mere incident to the administration of the trust, and the removal of an individual and the substitution of another is not such an order as would support an appeal.—*Padgett v. Brooks,* 140 Ala. 257.

DE GRAFFENRIED, J.—In the case of *Ex parte Rebecca Jonas, infra,* 64 South. 960, this court held that the decretal order removing Harry B. Pake as trustee was not such an order as would support an appeal to this court by said Harry B. Pake. For the reasons set out in the opinion in the above-cited cause, the appeal in

[Pake v. Leinkauf Bank. Co., and Pillans, Hanaw & Pillans v. Same.]

the case at bar is dismissed from the docket of this court.

In this proceeding, Pillans, Hanaw & Pillans, who are not parties to this cause but who are of counsel for Harry B. Pake, who was, until his removal as trustee, one of the parties to the cause, have appealed to this court from the decree fixing the amount of their counsel fees. A person not a party to a cause cannot prosecute an appeal to this court, and for that reason the appeal of said Pillans, Hanaw & Pillans is hereby dismissed out of this court.

Appeals dismissed. All the Justices cncur.

## ON APPLICATION FOR REHEARING.

This is, in reality, an application for a rehearing in the case of *Ex parte Rebecca Jonas, infra*, 64 South. 960. In *that* case a majority of the members of this court expressed the opinion that the order of removal of the trustee, Harry B. Pake, was not a final decree, in that it settled no substantial equity in the cause. In that case this court did not, as is now contended by counsel for appellants on this application for rehearing, indicate that there could be only one final decree in a cause pending in the chancery court within the meaning of section 2837 of the Code of 1907. The contrary was well understood by each member of this court. In truth the opinion in that case places emphasis upon the fact that, for a decree to be final within the meaning of the above section of the Code, it must settle some of the *substantial* merits or *equities* in the cause. A majority of the members of this court, however, were and are of the opinion, for the reasons declared in the above case, that, when a trust estate for the benefit of creditors is being administered in the chancery court under the pro-

visions of our statutes, an order removing the trustee is a mere incident to the administration of the trust, in no way concerns any of the substantial merits or equities of the cause, and is therefore not such a final decree as will support an appeal.

2. All of the members of this court, however, are of the opinion that the chancellor was, for the reasons set forth by him in his order of removal, justified in making the order removing the trustee.

The application for a rehearing is overruled.

Overruled.