RIDGWAY, et al. *v.* SCOTT, GUARDIAN, ETC.

No. 41418        October 19, 1959        114 So. 2d 844

*Gore* and *Gore, Harmon W. Broom,* Jackson, for appellee.

*Green, Green & Cheney,* Jackson, for appellants.

## ON MOTION TO DISMISS APPEAL

Gillespie, J.

In 1955, in the Chancery Court of Hinds County, one Peacock was adjudged an incompetent suffering from paranoia. A guardian was appointed to handle his estate. Upon the exhaustion of the funds on hand the guardian was duly discharged. On May 18, 1959, Charlie Scott was appointed guardian of the estate of the said Peacock. On May 20, 1959, Charlie Scott, as such guardian, was authorized by decree to employ attorneys and file suit against appellants to recover certain mineral interests located in Simpson County which the said Peacock had conveyed to appellant Ridgway on February 11, 1957. Ridgway and his grantees filed a bond in the guardianship proceedings seeking to appeal from the decree appointing Charlie Scott as guardian of the estate of the said Peacock, and the decree authorizing the said guardian to employ attorneys and prosecute the suit against appellants. Of course, Ridgway and his grantees were not parties to the guardianship proceedings.

The question here is whether the appellant, C. R. Ridgway and his grantees have the right to appeal from said decrees referred to.

If appellants have any right to appeal from the decrees in this guardianship matter, it must be found in the statutes. Sections 1147 and 1151 of the Mississippi Code of 1942 provide for appeals "by any of the parties or legal representatives of such parties." Ridgway and his grantees were not parties in the guardianship proceedings and have no right to appeal from the decrees

entered therein. ██ ██ This Court said in Farmers & Merchants Bank v. Rushing, 175 Miss. 826, 167 So. 784, that "only those who are actually parties to a suit or who are privies or personal representatives may appeal." This case was thereafter cited in Hunter v. Stanford, 198 Miss. 299, 22 So. 2d 166.

██ ██ Appellants argue that various proceedings hereinabove referred to were void and that they have a right to attack these proceedings by this appeal because of the purchase by Ridgway from Peacock of the mineral interests involved in the Simpson County suit. They reason that they are the personal representatives of Peacock. We are unable to agree that Ridgway and his grantees are the legal representatives of Peacock within the meaning of Section 1147, Mississippi Code of 1942. The statute limits the persons who may appeal from a decree of the chancery court to "parties". It will be noted that "persons" aggrieved are not allowed to appeal as they are from a judgment or decision of boards and commissions. Section 1195, Mississippi Code of 1942. From the nature of the judgments and decisions of various boards mentioned in Section 1195, persons who are not parties may have a direct pecuniary or other interest in such judgment or decision. Statutes allowing a "person" to appeal have in many cases been held to give the right to one directly interested although not a party to the action. On the other hand, statutes which allow a "party" to appeal, as a rule, limit the right to those who were original parties to the action or proceeding. 4 C. J. S., Appeal and Error, Section 183, page 557. ██ ██ The right of appellants to prosecute this appeal is not only denied by the statutes but also by considerations of sound judicial administration. To permit this appeal would, in effect, require every guardian to litigate not only the principal suit against a third party, but his right to bring the suit, and his right to the office of guardian,

and possibly any number of other matters arising in the guardianship proceedings.

Motion to dismiss appeal sustained.

*Lee, Kyle, Arrington* and *Ethridge, JJ.*, concur.