**624**

143 So.2d 441

**SECURITY LIFE & ACCIDENT INSURANCE COMPANY**

v.

**CRESCENT REALTY COMPANY et al.**

3 Div. 922.

Supreme Court of Alabama.

June 21, 1962.

Rehearing Denied July 26, 1962.

Rufus M. King, Capell, Howard & Cobbs, Montgomery, for appellant.

Rushton, Stakely & Johnston, Montgomery, for appellee Lunceford.

GOODWYN, Justice.

Crescent Realty Company, a corporation, filed in the circuit court of Montgomery County, in equity, a bill for declaratory judgment against Homeland Insurance Company, a corporation. T. D. Lunceford thereafter filed in said court a motion for permission and leave to intervene in the cause. The motion was granted. Lunceford then filed a bill of intervention. The respondent's demurrer thereto being sustained, Lunceford filed an amended bill of intervention. Respondent's demurrer thereto was overruled. From the decree overruling said demurrer an appeal was taken by "Security Life & Accident Insurance Company, a corporation, into which the Respondent, Homeland Insurance Company, has heretofore been merged."

So far as the record discloses, Homeland Insurance Company is still the only respondent in the cause; but the appeal was not taken by it. Security Life & Accident Insurance Company not being a party, it was without authority to bring the appeal. As said in Pake v. Leinkauf Banking Company, 186 Ala. 307, 309, 65 So. 139, 140, viz: "A person not a party to a cause cannot prosecute an appeal to this court, * * *." See also: Lusk v. Britton, 198 Ala. 245, 73 So. 492; May v. Courtnay, Tennant & Co., 47 Ala. 185.

We note that the appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, Laws 1961, Sp.Sess., p. 1947, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill in equity is not appealable.

We have no alternative but to dismiss the appeal.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.