154 So.2d 43

Odell CARTER et al.

v.

**BOARD OF TRUSTEES OF the POLICE-MEN AND FIREMEN'S RETIREMENT FUND OF CITY OF GADSDEN.**

7 Div. 698.

Court of Appeals of Alabama.

April 9, 1963.

Rehearing Denied May 7, 1963.

Geo. Murphy and Jas. B. Waid, Gadsden, for appellants.

Lusk, Swann & Burns, Gadsden, for appellee.

**100**

PRICE, Presiding Judge.

This is an appeal from an order of the Circuit Court of Etowah County granting the defendant's motion to dismiss the appeal filed in that court by appellants.

The legislature by Act No. 226, Acts of Alabama, 1959, Volume I, beginning at page 765, created a policemen and firemen's retirement fund of the City of Gadsden, Alabama, and provided for the creation of a board of trustees to manage and administer the fund. The Act authorizes the board of Trustees to hear and determine all applications for retirement and provides for judicial review, in pertinent part, as follows:

"Section 25: Within ten (10) days after any final decision of the board of trustees, any party including the governing body of such city feeling aggrieved at the decision of the board of trustees may appeal from any such decision to the circuit court of the county in which such city is located and such appeal shall be heard by a judge sitting without a jury."

Odell Carter, as a member of the Police Department, and Dwight Lee, as a member of the Fire Department, contributors to the retirement fund, sought to appeal to the circuit court from a decision of the board of trustees of March 13, 1962, authorizing retirement benefits to one A. A. Wright.

One of the grounds of the motion to dismiss the appeal is that Carter and Lee were not parties to the proceeding had before the board of trustees and cannot maintain the appeal.

The question to be determined here is whether the appellants as individual members of the police and fire departments, required by law to make financial contributions to the retirement fund, but who did not appear in administrative proceedings, are authorized by the Act creating the retirement fund to appeal from a decision of the board of trustees authorizing payment of retirement benefits from said fund to an applicant.

Generally, no one can appeal from a judgment unless he is a party to the action or proceeding below. Lusk v. Britton, 198 Ala. 245, 73 So. 492; Pake v. Leinkauf Banking Co., 186 Ala. 307, 65 So. 139; Security Life & Accident Ins. Co. v. Crescent Realty Co., 273 Ala. 624, 143 So.2d 441.

Judicial review of the action of an administrative agency is not an inherent right, but is governed entirely by statute. 40 Am.Jur., Pensions, Sec. 39, p. 992; 2 Am.Jur.2d Administrative Law, Sec. 557, p. 366.

In 4 C.J.S. Appeal & Error § 183, p. 557, it is said that under statutes which allow a "party" to appeal, as a rule, the right is limited to those who were original parties to the action or proceeding, while statutes allowing a "person" to appeal, in many cases have been given a liberal construction and held to give one directly interested, although not a party to the action, the right to appeal. See also Ridgway v. Scott, 237 Miss. 400, 114 So.2d 844.

A careful consideration of the Act convinces us that the legislature intended to grant a judicial review of the decisions of the board of trustees only to those private persons who were parties in the administrative proceedings and to the governing body of the city.

The order of the circuit court dismissing the appeal is affirmed.

Affirmed.