TORBERT, Chief Justice.
The plaintiffs, Bobby E. Copeland and his wife Leah J. Copeland, appeal from a judgment based on a jury verdict in favor *932 of State Farm Mutual Automobile Insurance Company (“State Farm”). Henry Sheffield moved to dismiss the appeal as far as it pertains to him; we consolidated his motion with the merits of the appeal.
On or about July 22, 1984, Bobby E. Copeland was travelling east on Halls Mill Road in Mobile County when he struck a disabled vehicle owned by Henry Sheffield. Copeland was injured and, upon discovering that Sheffield had no automobile liability insurance, sued his own insurer, State Farm, for the benefits of his uninsured motorist coverage. Leah Copeland asserted a claim based on lost consortium. State Farm answered the Copelands’ complaint and filed a third-party complaint against Henry Sheffield, contending that his negligence caused the accident. Sheffield answered State Farm’s complaint and filed a claim against the Copelands for the damage the collision caused to Sheffield’s vehicle. The Copelands answered this claim, and the pleading stage of the case ended so far as this appeal is concerned.
We turn our analysis first to Henry Sheffield’s motion to dismiss the appeal. Although the Copelands’ complaint alleged that Sheffield was negligent, it sought recovery against State Farm only. Each ad damnum clause in the complaint sought judgment against “the defendant.” The complaint indicates that it was to be served only upon State Farm. Most importantly, the caption of the complaint listed only one defendant—State Farm. “In the complaint the title shall include the names of all the parties_” Ala.R.Civ.P. 10(a). The Copelands, then, never filed a claim against Sheffield. Without having sued him, they could not possibly have obtained a final judgment against him, arid without a final judgment, the Copelands have nothing to appeal from as to Sheffield. See Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Const. Co., 466 So.2d 83, 88 (Ala.1985); Ala.R.App.P. 3(c). Accordingly, we grant Henry F. Sheffield’s motion to dismiss the appeal insofar as he is concerned.
At trial, the Copelands sought to introduce various documents and testimony concerning medical expenses incurred by Mr. Copeland. The trial court excluded some of this evidence. Although it is argued in their brief on the merits, the Copelands withdrew this issue in their reply brief; consequently, we will not consider this issue.
At one point in the trial, the Cope-lands attempted to impeach Sheffield with evidence of a prior “conviction” for grand larceny. Although this point is not entirely clear in the record, the “conviction” appeared to have been in reality a juvenile court’s adjudication of delinquency. The Copelands argue that the trial court’s exclusion of this evidence constituted error. We, of course, recognize the general rule that “a juvenile court adjudication, cannot be introduced to impeach a witness even if the adjudication was for a crime involving moral turpitude,” C. Gamble, McElroy’s Alabama Evidence, § 145.01(4) (3d ed. 1977), and the statutory declaration that a juvenile adjudication is not a criminal “conviction,” Code 1975, § 12-15-72; where, as here, there is no proof or offer of proof establishing that the adjudication sought to be made the basis of the impeachment was in fact a criminal conviction, we see no error in excluding the evidence.
The Copelands’ final issue pertains to several comments and admonitions made to their trial counsel[1] by the court in the presence of the jury. Several times during the trial, their lawyer chose not to abide by, or ignored, various evidentiary rulings and proceeded into forbidden matters; each time he was admonished. Once, while the lawyer was reading portions of a deposition into evidence, the court instructed him to read without inflection, not as if he were in a “dramatic school.” Several times he was warned not to comment on the evidence during a witness’s testimony, and he was once instructed not to converse with the jury while the court and defense counsel were at sidebar. The record also quite clearly reflects that the atmosphere in the courtroom was quite tense and that the mood between the opposing lawyers was *933 less than friendly. At one point, the tension evolved into a bout of sarcasm between the lawyers, resulting in a thinly veiled invitation to fight the case out in the hall. At another point, the Copelands’ counsel was held in contempt before the jury for failing to heed the court’s eviden-tiary rulings.
We have found the record bothersome to read and the conduct of the lawyers unbecoming. The conduct of the Copelands’ lawyer too often bordered on contumacy and too often exhibited rudeness. Proper courtroom decorum and the civility due toward the judge and jury and any spectators require much more professionalism and simple courtesy than were demonstrated at this trial.
In all cases, the judge should sit as an impartial arbiter, moderator rather than martinet, and director rather than disciplinarian. His function is to steer the course of the trial away from prejudice and toward fairness. This case was atypical, however. As the parties forthrightly concede, and as even the cold record makes clear, the judge was forced to the very limits of his patience. In such a situation, the judge must exercise a firmer grasp on the proceedings throughout the discharge of his duty to oversee the fair disposition of the case.
We do not reach the Copelands’ argument that the conduct or remarks of the judge undermined their representation by counsel to such a degree that they received an unfair trial. Assuming, arguendo, that some of the judge’s actions, or even all of them taken together, were prejudicial to the plaintiffs’ case, the issue has not been preserved. At no time was a cautionary or curative instruction to the jury requested. The plaintiffs made no motion to exclude the remarks, no motion for mistrial, no motion for judgment notwithstanding the verdict, and no motion for new trial. Fundamental to the concept of issue preservation is obtaining an adverse ruling; here, none was obtained. Ritchey v. State, 293 Ala. 265, 302 So.2d 83 (1974); Bendy v. Eagle Motor Lines, Inc., 292 Ala. 99, 289 So.2d 603 (1974); Rice v. Hill, 278 Ala. 342, 178 So.2d 168 (1965); Page v. Hawk, 250 Ala. 26, 33 So.2d 8 (1947). We have recounted that on very rare occasions reversible error can be found in the absence of an-adverse ruling, where the error was so pervasively egregious or manifestly prejudicial as to work an intolerable injustice. See, e.g., Banner Welders, Inc. v. Knighton, 425 So.2d 441 (Ala.1982); Alabama Power Co. v. Henderson, 342 So.2d 323 (Ala.1976). This case does not present one of those very rare occasions. Had the plaintiff’s trial counsel abided by the standards of respect for the court and courtesy to his opponent and by the rulings made by the court throughout the course of the trial, the judge would not have been cornered into making the admonitions he found necessary to preserve the orderly progression of the case.
In sum, we find no reversible error. The judgment of the trial court is affirmed as to the defendant State Farm.
APPEAL DISMISSED AS TO HENRY F. SHEFFIELD.
AFFIRMED AS TO DEFENDANT STATE FARM.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.

. The Copelands have different counsel on appeal.