Charles Daughtry seeks relief from an order of the circuit court that certain articles, allegedly belonging to Daughtry, seized by the sheriff's department during a raid on an alleged cockfight, be destroyed. For reasons set forth below, we dismiss the appeal.
Cages, spurs, boxes, and several roosters and other assorted articles were seized by the sheriff's department of Mobile County on February 7, 1988, at an alleged cockfight apparently on the premises of Willie E. Jones. Four persons were arrested at that time.
The sheriff's department filed a condemnation petition on February 8, 1988, with a supporting affidavit, in the Mobile Circuit Court. At a hearing on the petition, a representative of the sheriff's department testified that he did not know who the articles made the subject of the petition belonged to. The style of that petition is Mobile County Sheriff's Department v.60-100 Fighting Roosters, Assorted Spurs, Cages, Boxes, Etc., No. CV 88-414. Later that day, the court granted the petition and ordered the articles destroyed.
A motion to stay the order was also filed on February 8, 1988, by the "defendant" Willie E. Jones; the style of the case on that motion is State of Alabama v. Willie E. Jones, but the case number corresponds to that listed above, viz., No. CV 88-414. On February 9, 1988, the court held a hearing on the motion to stay its order. At that time, Charles Daughtry testified that some of the items seized belonged to him. At some point after the court entered its order that the articles be destroyed, but apparently before the hearing on the motion to stay the order, the sheriff's department destroyed the seized articles.
Despite the fact of the destruction of the articles, a letter brief was filed on February 29, 1988, on behalf of the "defendants," presumably those persons whose property had been seized, challenging the validity of the proceeding that resulted in the destruction of the seized property. On March 3, 1988, the sheriff's department responded with its letter brief. The court, on March 11, 1988, affirmed its initial order and again ordered the destruction of the seized articles.
In the notice of appeal, the correct style of the condemnation proceeding is set forth. The document purports to give notice "that 60-100 Fighting Roosters, etc., Defendants, in the above styled cause, appeal to the [Supreme] Court from the order of the Circuit Court of Mobile County, Alabama, dated March 11, 1988." The appellant's brief, however, lists "Charles Daughtry, et al." as appellants. The arguments set forth in that brief are directed at whether the due process rights of the owners of the seized property were violated.
Evolving from this confusing procedural quagmire is the sole issue to be decided in this case: Is Charles Daughtry a proper party to this appeal? We conclude that he is not and, accordingly, dismiss the appeal.
Unless a person is a party to a judgment, he can not appeal from that judgment. That fundamental principle is one of the oldest in Alabama jurisprudence. See, e.g., Copeland v. StateFarm Mut. *Page 955 Auto. Ins. Co., 536 So.2d 931 (Ala. 1988); Sho-Me Motor Lodges,Inc. v. Jehle-Slauson Const. Co., 466 So.2d 83 (Ala. 1985);Security Life Acc. Ins. Co. v. Crescent Realty Co., 273 Ala. 624, 143 So.2d 441 (1962); Pake v. Leinkauf Banking Co.,186 Ala. 307, 65 So. 139 (1914); Clemens v. Patterson, 38 Ala. 721
(1863); Watson v. May, 8 Ala. 177 (1845); and Adams v.Robinson, 1 Minor 285 (1824). Charles Daughtry never intervened or otherwise became a party to the forfeiture proceeding;[1]
moreover, he has filed no complaint, nor has he otherwise asserted a claim. Indeed, Daughtry first asserted his rights in his brief to this Court. That is not sufficient. Without having asserted a claim in the trial court, Daughtry could not have obtained a final judgment. Without a final judgment, Daughtry has nothing to appeal from. Copeland v. State Farm Mut. Auto.Ins. Co., supra.
Because the notice of appeal was defective, we find additional support for our holding. That notice contains the names of no persons, but states "that 60100 Fighting Roosters, etc., Defendants, in the above styled cause, appeal to the [Supreme] Court." Rule 3(c), Ala.R.App.P., states that "[t]he notice of appeal shall specify the party or parties taking the appeal." Rule 12(a), Ala.R.App.P., provides that "[t]he appeal shall be docketed with the style — Appellant v. Appellee." See also Form 1, Ala.R.App.P. The terms "party," "appellant," and "appellee" contemplate living persons for the purposes of these rules. The articles involved here can have no rights to assert; only their owners can complain of the judgment here appealed from. Although the style of the instant case was, in the trial court, Mobile County Sheriffs Department v. 60-100 FightingRoosters, Assorted Spurs, Cages, Boxes, Etc., the notice of appeal should have specified what individuals, who were made parties to the action bearing that style, were seeking relief from the trial court's judgment. In the notice of appeal involved here, both the style on that document and the named appellant therein is "60-100 Fighting Roosters, etc." We hold that the notice of appeal was therefore fatally defective.
On the basis of the foregoing, the appeal is hereby dismissed.
APPEAL DISMISSED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Viewed in the most liberal fashion, the motion to stay filed on behalf of the "defendant" Willie E. Jones might be considered a petition to intervene. We need not decide that issue, however, because Charles Daughtry was not named in that document, nor was Willie E. Jones named in the notice of appeal.