TYSON, Judge.
Robert Joseph Schulz was manager of a telemarketing company known as Statewide Distribution Company, Inc. Mr. Donald E. Moore was the sole owner of this corporation. Mr. Schulz deposited checks made out to State Wide Distribution Company into an account called Datatech Industries, which Schulz controlled.
After discovering Schulz’s theft of Statewide Distribution Company’s checks, Mr. Moore informed the Shelby County district attorney and Schulz was indicted for theft of property, in violation of § 13A-8-3, Code of Alabama 1975. Schulz pleaded guilty to the theft charges and agreed to pay restitution to Mr. Moore in the amount of $15,-709.36.
After the restitution order in criminal court, Mr. Moore, as sole owner of Statewide Distribution Company, Inc., brought a civil action against First American Bank of Pelham, Inc., pursuant to the Uniform Commercial Code, for accepting for deposit checks with a forged endorsement. First American Bank then brought a third-party claim against Robert Schulz for the conversion of the checks and for false presentation of the checks to First American Bank.
It was ordered and adjudged that Mr. Moore/Statewide Distribution Company, Inc., have a judgment against First American Bank for the sum of $20,445.51, plus costs of court. Also, it was ordered that the third-party plaintiff, First American Bank, have a judgment against third-party defendant Robert Schulz for $20,445.51, plus cost of court. First American Bank paid the judgment in full to Donald Moore/Statewide Distribution Company, Inc.
First American Bank then filed a post judgment motion to redesignate payment of restitution. The restitution order was modified so that payments would go to First American Bank instead of Donald Moore.
Donald Moore then filed a notice of appeal.
Section 12-22-2, Code of Alabama 1975, reads as follows:
“From any final judgment of the circuit court or probate court, an appeal lies to the appropriate appellate court as a matter of right by either party, or their personal representations, within the time and in the manner prescribed by the Alabama Rules of Appellate Procedure. (Code 1867, § 3485; Code 1876, § 3916; Code 1886, § 3611; Code 1896, § 426; Code 1907, § 2837; Code 1923, § 6078; Code 1940, R. 7, § 754.)”
This section gives appeals as a matter of right only to parties or their personal representatives. Donald Moore is not a party to the action; therefore, he does not have the right to an appeal.
There is no inherent or inalienable right to an appeal. Appeals are solely the creature of statute. State v. Bibby, 47 Ala.App. 240, 252 So.2d 662 (1971).
“Unless a person is a party to a judgment he can not appeal from that judg *999 ment. That fundamental principle is one of the oldest in Alabama jurisprudence. See, e.g., Copeland v. State Farm Mut. Auto. Ins. Co., 536 So.2d 931 (Ala.1988); Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Construction Co., 466 So.2d 83 (Ala.1985); Security Life & Acc. Ins. Co. v. Crescent Realty Co., 273 Ala. 624, 143 So.2d 441 (1962); Poke v. Leinkauf Banking Co., 186 Ala. 307, 65 So. 139 (1914); Clemens v. Patterson, 38 Ala. 721 (1863); Watson v. May, 8 Ala. 177 (1845); and Adams v. Robinson, 1 Minor 285 (1824).”
Daughtry v. Mobile County Sheriffs Dep’t. ex rel. Purvis, 536 So.2d 953, 954 (Ala.1988).
Donald Moore is not a proper party to appeal; therefore, this court is without jurisdiction and must dismiss the appeal ex mero motu.
APPEAL DISMISSED.
All the Judges concur.