On February 7, 1997, Dee Kilgore, William B. Doyle, Michael J. Antonio, Jr., and Kelby E. Strickland (hereinafter collectively referred to as "the Kilgore plaintiffs") filed a "sale-for-division suit" pursuant to Ala. Code 1975, § 35-6-58, against Samuel T. Robino (hereinafter referred to as "Robino") and Joseph T. Robino, Jr., seeking the sale of a parcel of real estate located in Shelby County and the division of the proceeds from the sale. The Kilgore plaintiffs alleged that they each owned a one-eighth interest in the parcel and that each defendant owned a one-fourth interest in the parcel. Robino appeals the trial court's *Page 367 
April 6, 2001,[1] order requiring that the parcel be sold and the proceeds distributed according to the interests as set out in its order.
On September 10, 1990, DAGS Enterprises, Inc., an Alabama corporation (hereinafter referred to as "DAGS"), purchased the parcel from the Presbytery of Sheppards Lapsley, Inc., an Alabama not-for-profit corporation, for the sum of $160,000. On July 7, 1994, DAGS conveyed the parcel to the Kilgore plaintiffs and Michael J. Antonio, Jr., in his capacity as trustee of the estate of Joesph T. Robino, the father of Joseph T. Robino, Jr., and Robino. On October 12, 1995, Antonio, as trustee of the estate of Joesph T. Robino, conveyed an undivided one-half interest in the parcel to Joseph T. Robino, Jr., and Robino, as tenants in common. Joseph T. Robino, Jr., died on April 20, 1998, and George Babakitis, the administrator ad colligendum of his estate (hereinafter referred to as "the estate"), was substituted as a defendant on November 2, 1998.
On November 17, 1998, Robino filed a petition in bankruptcy in the federal bankruptcy court pursuant to Chapter 11,[2] and upon Robino's filing of a suggestion of bankruptcy[3] the litigation in the trial court was stayed on February 25, 1999. On April 3, 2000, Richard G. Poff, an attorney, intervened in the action between the Kilgore plaintiffs and the estate, alleging that he had purchased Robino's interest in the parcel at a sheriff's sale on December 13, 1999,[4] and that Robino had forfeited his right of redemption in the parcel. Poff filed this action to quiet title with respect to the interest in the parcel he had obtained at the sheriff's sale, and he also sought to eject Robino from the property.
Robino did not respond to Poff's complaint, and on May 3, 2000, Poff filed an application for the entry of a default judgment. Pursuant to Poff's application, the trial court entered a default judgment against Robino on June 7, 2000. In its order granting Poff's application, the trial court stated, in pertinent part:
 "It appearing to the satisfaction of the Court that entry of default has heretofore been made by the Clerk of this Court in favor of Richard G. Poff, Jr., against Sam T. Robino and that said Sam T. Robino has taken no proceedings since such default was entered,
 "And upon consideration of the evidence presented by Richard G. Poff, Jr., the Court is of the opinion that Richard G. Poff, Jr., is entitled to judgment against said Sam T. Robino, for the possession of the undivided interest which said Sam T. Robino formerly held in the following described real estate situated in Shelby County. . . .
". . . .
 "It is therefore CONSIDERED, ORDERED, ADJUDGED, and DECREED by the Court as follows: *Page 368 
 "1. That said Richard G. Poff, Jr., acquired all of the right, title, and interest in and to said real estate which said Sam T. Robino formerly held through a Sheriff's Sale and Sheriff's Deed which is dated December 13, 1999, and was recorded on December 14, 1999, as Inst. No. 1999-50269 in the Office of the Judge of Probate of Shelby County, Alabama.
 "2. That said Sam T. Robino has now forfeited his right of redemption to said real estate.
 "3. That said Sam T. Robino has no right, title, interest, or claim in and to said real estate and that said Sam T. Robino is hereby ORDERED immediately to remove himself and any of his personal property from said real estate, and said Richard G. Poff, Jr., is hereby authorized to employ and enlist any lawful means necessary to effectuate removal of said Sam T. Robino and his personal property from said premises."
On June 12, 2000, the case was called for trial; neither Robino nor anyone representing his interests was present. After the Kilgore plaintiffs, Poff, and the estate informed the trial court that the issues in controversy between the parties had been settled, and upon hearing ore tenus testimony and stipulations, the trial court entered a default judgment against Robino. The trial court also required the parties to provide a proposed settlement order for stipulation of dismissal within 14 days, or it would dismiss the case. The parties did not file a proposed order before the date set by the trial court, and, consequently, the trial court dismissed the case on July 18, 2000. On July 27, 2000, Poff filed a motion to set aside the judgment of dismissal. That same day, the Kilgore plaintiffs, Poff, and the estate filed a joint motion to approve the proposed order they had attached to the motion, which stated the settlement terms and conditions they had previously agreed to.
On July 31, 2000, the trial court entered an order that ordered the parcel sold at a public auction[5] on September 1, 2000, and also set forth the percentages of each party's respective interest in the parcel. In that order, Poff was shown as having a 25 percent interest in the parcel, and Robino was shown as possessing no interest in the parcel. On or about August 28, 2000, the Kilgore plaintiffs and Poff filed a motion to continue the public sale in order to consummate a private sale of the property. In granting the motion, the trial court noted, "Granted, without objection."
On August 30, 2000, Robino filed a motion objecting to the July 31, 2000, order. Poff subsequently filed a motion to strike Robino's motion; the trial court granted Poff's motion on October 13, 2000. In its order striking Robino's motion, the trial court, in pertinent part, stated:
 "Said Sam T. Robino has no present standing to object to the order which was entered by the Court on July 31, 2000, ordering the sale of the real estate which is the subject of this litigation, or to obtain any other relief pursuant to said Motion Objecting To Order For Sale Of Property For Division."
On March 20, 2001, Poff filed a motion to confirm the sale of the parcel. On April 3, 2001, Robino filed a motion objecting to both the sale and the confirmation of the sale. On April 6, 2001, the trial court entered an order confirming the sale and noted that Robino was not a party to the *Page 369 
proceedings.[6]
On May 7, 2001, Robino filed a motion to reconsider both the trial court's orders providing for the sale of the parcel and the division of the proceeds, as well as the order confirming the sale of the parcel. On the same day, Robino also filed a motion to consolidate this case with a case involving a contest of Joseph T. Robino, Jr.'s will. On July 6, 2001, after oral argument, the trial court denied both motions. On August 17, 2001, Robino filed a notice of appeal to this Court. Robino did not file a motion to set aside the default judgment of the trial court, and he does not appeal that default judgment. The issue presented by Robino's appeal is whether the trial court erred when it ordered the real property sold for division without deciding, by trial, the issue of title and interest, when Robino disputed the Kilgore plaintiffs, the estate, and Poff's title in that real property.
We note that Robino's May 7, 2001, "motion to reconsider" is properly viewed as a Rule 59(e), Ala.R.Civ.P., postjudgment motion. See Ex parteMut. Sav. Life Ins. Co., 765 So.2d 649 (Ala. 1998) (treating a postjudgment motion styled as a motion to "reconsider" as a Rule 59(e) motion); see also Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997) ("[t]he substance of a motion and not its style determines what kind of motion it is"). Therefore, the postjudgment motion was adequate to extend the time for taking an appeal so that Robino's appeal was timely filed. Rule 4(a), Ala.R.App.P. However, we also address Robino's standing to appeal from the judgment confirming the sale of the parcel.
Specifically, we consider whether Robino has standing to appeal when he has not challenged the default judgment that divested him of any interest he might have had in the property at issue. "Standing to appeal" requires that the appellant have an interest in the subject of the appeal. TripleJ. Cattle, Inc. v. Chambers, 621 So.2d 1221 (Ala. 1993). An appellant must have been a party to the judgment below to possess standing to appeal any issue that arises out of that judgment. Mars Hill BaptistChurch of Anniston, Alabama, Inc. v. Mars Hill Missionary BaptistChurch, 761 So.2d 975 (Ala. 2000). See also Sho-Me Motor Lodges, Inc. v.Jehle-Slauson Constr. Co., 466 So.2d 83 (Ala. 1985).
In Sho-Me, a hotel owner sued a contractor who had repaired weather damage to the hotel. During the pendency of the case, the contractor filed a third-party complaint against a subcontractor. The trial court entered a summary judgment for the contractor and also for the third-party subcontractor. The hotel owner appealed. In its motion to dismiss the appeal, the subcontractor argued that the hotel owner was not aggrieved by the judgment in the third-party claim and that it had no other interest in the action by the contractor. This Court then considered whether the hotel owner should be allowed to appeal from a summary judgment entered on a third-party complaint, filed by the contractor against the subcontractor, that was subsequently not appealed by the contractor.
This Court held, in part, that the hotel owner was not a party aggrieved by the summary judgment entered against the contractor in its third-party claim against the subcontractor and thus could not appeal from that judgment. In so holding, this Court stated:
 "Ordinarily, one who is not a party to a cause cannot appeal. Security Life Accident Ins. Co. v. Crescent Realty *Page 370 
 Company, 273 Ala. 624, 143 So.2d 441 (1962); Hunt v. Houtz, 62 Ala. 36 (1878). Moreover, when an error applies only to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal. Rush v. Heflin, 411 So.2d 1295
(Ala.Civ.App. 1982); Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771 (1967). Although Southern Roof is a third-party defendant in this case, plaintiff Sho-Me [the hotel owner] is in no way aggrieved by the summary judgment entered in Southern Roof's favor and against Jehle-Slauson [the contractor]. Jehle-Slauson filed a third-party complaint against Southern Roof, seeking indemnity for any liability it might have to Sho-Me. Sho-Me has not asserted any claim directly against Southern Roof, and it has not been shown to us that Sho-Me has any interest in Jehle-Slauson's third-party action. When summary judgment was entered against it as to the third-party complaint, Jehle-Slauson, though it was the party aggrieved by that judgment, did not appeal. Sho-Me, for aught that appears, has looked to Jehle-Slauson for its recovery, and has been indifferent to the manner and means by which Jehle-Slauson, in turn, might protect itself. Fuller v. Branch County Commission, 520 F.2d 307
(6th Cir. 1975); Bryant v. Technical Research Co., 654 F.2d 1337 (9th Cir. 1981).
 "Because Sho-Me was not a party aggrieved by the judgment entered against Jehle-Slauson in its third-party claim against Southern Roof, it could not appeal from that judgment. Therefore, the motion of Southern Roof to dismiss Sho-Me's appeal of that judgment must be, and is, granted."
466 So.2d at 88. See also Biles v. Sullivan, 793 So.2d 708 (Ala. 2000) (the plaintiff, who was dismissed as a party in an action before the case was tried, had no standing to appeal based on alleged misconduct that may have occurred in that action).
Here, Robino has not appealed the default judgment against him, and he does not argue that the trial court erred when it entered the default judgment against him. Because Robino's August 17, 2001, notice of appeal does not purport to appeal from the June 7, 2000, default judgment, and because he makes no argument challenging the default judgment, he has waived that issue. Pardue v. Potter, 632 So.2d 470 (Ala. 1994) (issues not raised in a party's appellate brief are waived).
Because the trial court's June 7, 2000, order divested Robino of any interest in the parcel, he had no basis on which to continue as a party in that action, and because Robino had no interest in the parcel, he was not injured by the trial court's confirmation of the sale. Accordingly, he has no standing to appeal from the trial court's subsequent order confirming the sale of the parcel, and Robino's appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
Moore, C.J., and See, Brown, and Stuart, JJ., concur.
[1] Robino's notice of appeal shows the date of the judgment appealed from as April 5, 2001. However, the record shows that judgment was not entered until April 6, 2001.
[2] 11 U.S.C. § 301 et seq.
[3] 11 U.S.C. § 362. The record does not indicate the result or the date of termination of Robino's bankruptcy proceeding.
[4] The record contains a quitclaim deed dated December 10, 1999, purporting to convey Robino's interests in the parcel to Shirley A. Robino. The record contains a letter from Mark A. Pickens, a lawyer, which states, in pertinent part: "Enclosed please find the original Quitclaim Deed that we recorded. If you have any questions, please contact our office." Robino did not reference the deed in any motion in opposition to the sale of the parcel, and he does not present any argument relating the deed to any issue in this appeal.
[5] The order stated, however: "Should the parties desire to unanimously sell the property through private sale by private bidder, then nothing in this order shall be construed as to prohibit such act."
[6] It is this order that Robino purports to appeal from in this case.