PITTMAN, Judge.
W.A.A. (“the practitioner”), a dental practitioner licensed by the Board of Dental Examiners of Alabama (“the Board”), appeals from orders entered by the Jefferson Circuit Court purporting to (a) grant in part and deny in part a motion filed in the circuit court by Addiction & Mental Health Services, Inc., a corporate entity doing business under the name “Bradford Health Services” (“Bradford”), seeking to quash a number of subpoenas issued to certain employees of Bradford by the Board’s hearing officer in an administrative disciplinary hearing involving the practitioner, and (b) granting a motion, filed in the circuit court by the Board after Bradford filed its motion, seeking to compel the practitioner to “fully answer” certain interrogatories and requests for production directed by the Board to the practitioner. Because the circuit court lacked subject-matter jurisdiction to enter the orders as to which the practitioner has sought appellate review, we dismiss the appeal e'x mero motu as arising from void orders.
Much of the material procedural history was aptly summarized in a memorandum opinion prepared in June 2013 by Judge William M. Acker, Jr., of the United States District Court for the Northern District of Alabama (“the federal court”) in considering whether the federal courts had subject-matter jurisdiction in this cause:
“In March 2012, the Board received notice from another state regulatory agency regarding the possible impairment of [the practitioner], a dental licensee. Dr. Michael Garver (‘Dr. Garver’), the director of the Alabama Dental Wellness Committee (‘ADWC’), the said other state regulatory agency, contacted [the practitioner] to discuss the allegations in the notice. [The practitioner] consented to a professional evaluation. Bradford is one of three board-approved treatment facilities for impaired professionals. After his initial evaluation, [the practitioner] entered and completed inpatient rehabilitative treatment at Bradford. At the onset of his evaluation, and for the duration of the treatment period, [the practitioner] authorized Bradford to release information to Dr. Garver regarding his ongoing treatment, diagnosis, and recommendations for aftercare and sobriety maintenance. This release was in effect from its execution on April 9, 2012 until March 27, 2013, when [the practitioner] revoked the authorization. Prior to this revocation, Dr. Garver, as director of the [ADWC], maintained contact with the medical professionals at *975 Bradford, who provided Dr. Garver with copies of [the practitioner’s] written diagnosis and treatment reports. These documents included a narrative of his medical history, an overview of his impairment, and recommendations for aftercare.
“The Board is charged with protecting the health, safety, and welfare of the public by regulating the practice of dentistry in Alabama. See Ala.Code [1975,] § 34-9-2(a)[], The Dental Praetice[] Act sets forth grounds for disciplinary action, one of which is being ‘a habitual user of intoxicants or drugs rendering [a licensee] unfit for the practice of dentistry or dental hygiene.’ Id. at § 34-9-18(4). After [the practitioner] underwent an evaluation and inpatient treatment at Bradford, the Board, through Dr. Garver and the Board’s prosecuting counsel, offered [the practitioner] the opportunity to enter into a consent order and monitoring contract with the Board wherein [the practitioner] could execute an agreement setting forth the parameters for his practice and sobriety maintenance. Similar to consent orders executed by other licensees who have undergone treatment for impairment, the terms of the consent order and accompanying contract included mandatory counseling, attendance at meetings, random urine screens, regular communication with the [ADWC], and other activities and treatment recommended by Bradford.
“[The practitioner] refused the offered consent order, whereupon the Board set the matter for hearing on April 5, 2013. On March 19, 2013, the Board issued a subpoena to Donald R. Cornelius, M.D. (‘Dr. Cornelius’) of Bradford. Shortly thereafter, on March 26, 2013, [the practitioner] requested the [hearing officer] to issue Bradford subpoenas seeking the testimony of nine named Bradford employees, including Dr. Cornelius, and its Custodian of Records, as well as the production of documents. The subpoenas were issued. The subpoenas directed Bradford to produce testimony and treatment records on behalf of [the practitioner] at the April 5, 2013 administrative hearing. The next day, [the practitioner] rescinded all executed authorizations for release of information regarding his evaluation and treatment at Bradford. The hearing scheduled for April 5, 2013, was not held.
“On April 2, 2013, Bradford instituted the underlying state court proceeding by filing a motion in the Circuit Court of Jefferson County, Alabama to quash the subpoena directed to it. In its motion, Bradford asserts that the testimony and documents sought are privileged based on federal and state law, including federal regulations providing that alcohol and chemical dependency treatment programs are prohibited from disclosing patient records or other patient information without the patient’s consent or court order and under state law patient-psychologist privilege and counselor-patient privilege. See 42 U.S.C. § 290dd-2; 42 C.F.R. Part 2 (1991); 42 C.F.R. §§ 2.63 and 2.64 (1991). In addition, Bradford argued that it would be unduly burdensome to require ten employees to appear at the hearing when two of the doctors would be sufficient to authenticate the records and provide any necessary testimony related to the alleged patient’s treatment.
“The Circuit Court of Jefferson County set the motion to quash for hearing on April 4, 2013, at 3:00 P.M. On the day of the hearing, [the practitioner] filed his notice of removal pursuant to 28 U.S.C. §§ 1331, 1441, [&] 1446, removing the state court proceeding to this court. The Board was not notified of [the practitioner’s] motion and did not join in the notice of removal.”
*976 In re W.A.A., Civil Action No. 2:13-cv-00623-WMA (N.D. Ala., June 3, 2013) (not reported in Federal Supplement). The federal court concluded that the removal of the case by the practitioner had been procedurally and substantively improper and remanded the case to the circuit court. See id.
After the case was remanded to the circuit court, that court set Bradford’s motion to quash for a hearing on July 9, 2013. Before that hearing could occur, however, the Board filed in the case a motion requesting that the court compel the practitioner to comply with a May 7, 2013, order of the Board’s hearing officer requiring the practitioner to answer certain interrogatories and requests for production notwithstanding the practitioner’s claim of privilege. On July 23, 2013, the circuit court, after the conclusion of its hearing on both Bradford’s motion and the Board’s motion, issued an order purporting to grant Bradford’s motion to quash the subpoenas directed to six particular witnesses (but denying it as to the subpoenas issued to four other witnesses) and an order purporting to require the practitioner to respond to the interrogatories and production requests as to which the practitioner had lodged privilege objections. After the practitioner’s appeal from those orders had been transferred to this court by our supreme court, we requested letter briefs concerning whether the orders from which the practitioner had sought to appeal amounted to a final judgment under Ala. Code 1975, § 12-22-2; upon receipt of those briefs, we permitted the appeal to proceed through briefing on the merits, during which the Board filed a motion to dismiss the appeal as moot in light of the rendition of a final disciplinary order on October 31, 2013, in the underlying administrative proceeding that had been brought by the Board against the practitioner — an order that was rendered based, in part, upon the testimony before the Board of two witnesses from Bradford as to which the Board had issued subpoenas.
Although this court initially allowed briefing on the merits, “such permission ‘does not preclude reconsideration of the fundamental question of appellate jurisdiction after an appellate court has had an opportunity to review the record.’ ” R.P.M. v. P.D.A., 112 So.3d 49, 50 (Ala.Civ.App.2012) (quoting Smith v. Smith, 919 So.2d 315, 316 n. 1 (Ala.Civ.App.2005)); cf. Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (noting that jurisdictional matters are of such magnitude that appellate courts take notice of them at any time “and do so even ex mero motu”). Our review of the record and the parties’ briefs leads us to the conclusion that the circuit court lacked subject-matter jurisdiction in the case.
The initial filing that brought the case before the circuit court was a motion to quash the subpoenas issued by the Board’s hearing officer to 10 Bradford employees; that motion, in effect, sought judicial review of the propriety of the decision to issue the subpoenas. However, “[a] fundamental concept of judicial review of administrative action is that it is a limited review, delineated by statute and court-established standards relating to the nature of the issues or questions open to judicial review, or to the particular method or means by which review can be had.” Alabama State Tenure Comm’n v. Mountain Brook Bd. of Educ., 343 So.2d 522, 524 (Ala.1976); see also Carter v. Board of Trs. of the Policemen & Firemen’s Retirement Fund of Gadsden, 42 Ala.App. 99, 99, 154 So.2d 43, 44 (1963) (judicial review of actions of administrative agencies is not an inherent right).
Since its original enactment in 1981, the Alabama Administrative Procedure Act (“the AAPA”), Ala.Code 1975, *977 § 41-22-1 et seq., has, in the main, governed judicial review of actions of administrative agencies. A portion of the AAPA, Ala.Code 1975, § 41-22-12(c), confirms the power of presiding officers in contested cases, such as the Board’s hearing officer, to render interlocutory orders pertaining to discovery and witnesses and specifically empowers the hearing officer[1] to “issue subpoenas, discovery orders related to relevant matters, and protective orders in accordance with the rules of civil procedure.” [2] The decision of the legislature to vest in the discretion of administrative hearing officers the decision to issue subpoenas thus prompts the question: what power does a circuit court have under the AAPA to review a decision of a hearing officer to issue a subpoena?
Although it is well settled that mere preliminary decisions in administrative contested cases will generally not support judicial-review proceedings under the AAPA, a single exception to that doctrine exists: “a preliminary agency ruling is immediately reviewable ‘if review of the final agency decision would not provide an adequate remedy.’ ” Alabama Dep’t of Econ. & Cmty. Affairs v. Community Serv. Programs of West Alabama, Inc., 65 So.3d 396, 403 (Ala.Civ.App.2010) (quoting Ala.Code 1975, § 41-22-20(a)). Assuming, without deciding, that that statutory condition permitting immediate judicial review applied to the decision of the Board’s hearing officer to issue the subpoenas at issue, Bradford did not properly seek judicial review under the AAPA. “Section 41-22-20(b), Ala.Code 1975, provides that an appeal from a state-agency proceeding is to be instituted ‘by filing of notice of appeal or review ... with the agency,’ ” and, “[pjursuant to § 41-22-20(d), the notice of appeal must be filed with the agency within 30 days after the aggrieved party receives notice or other service of the decision of the agency from which the appeal lies.” Ex parte Alabama State Pers. Bd., 90 So.3d 766, 769 (Ala.Civ.App.2012). In this case, Bradford filed no notice of appeal or petition for review so as to comply with the provisions of the AAPA governing efforts to seek review of orders entered in the course of administrative proceedings; thus, no jurisdiction to review the propriety of the issuance of the subpoenas ever attached in the circuit court.
It is well settled that ‘“[w]here “the [circuit] court ha[s] no subject-matter jurisdiction, [it has] no alternative but to dismiss the action.” ’ ” Ex parte Stewart, 985 So.2d 404, 409 (Ala.2007) (quoting Gulf Beach Hotel, Inc. v. State ex rel. Whet *978 stone, 935 So.2d 1177, 1182 (Ala.2006), quoting in turn State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999)). Because the circuit court did not obtain subject-matter jurisdiction to do anything other than dismiss the action arising upon the filing of Bradford’s motion to quash the subpoenas issued by the Board’s hearing officer, that court, by extension, did not obtain subject-matter jurisdiction to consider the Board’s subsequent motion to compel the practitioner to respond to the Board’s interrogatories and requests for production.[3]
Based upon the foregoing facts and authorities, we conclude that the orders from which the practitioner has sought to appeal are void. We therefore dismiss this appeal, albeit without prejudice to the potential timely institution of judicial-review proceedings with respect to any final order entered by the Board in the underlying administrative contested case.[4] The circuit court is directed to set aside its July 23, 2013, orders as void.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
DONALDSON, J., concurs in the result, without writing.

. That general grant of authority parallels that conferred under an earlier enacted statute that permits the Board to "issue subpoenas and compel the attendance of witnesses and the production of all necessary papers, books, and records, documentary evidence and materials or other evidence” in “all matters pending before" the Board. Ala.Code 1975, § 34-9-46; see also Ala. Admin. Code (Board of Dental Exam'rs), r. 270-X-5-.05.

. In turn, subsections (iii) and (iv) of Rule 45(c)(3)(A), Ala. R. Civ. P., respectively, permit a tribunal that has issued a subpoena to quash or modify that subpoena if the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies” or "subjects a person to undue burden.” From those authorities, it follows that the hearing officer had the authority to consider, in the first instance, whether the subpoenas the hearing officer had issued were due to be quashed or modified; thus, Bradford’s decision to seek immediate judicial review rather than to present to the hearing officér its objections to its employees’ compliance with the subpoenas arguably violates the principle of exhaustion of administrative remedies. However, we need not definitively decide that issue here because, under Alabama law, the exhaustion-of-remedies doctrine constitutes a judicially imposed prudential limitation upon the power of judicial review of administrative agencies — one that does not implicate subject-matter jurisdiction. See Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002).

. We are not confronted in this particular case with any issue regarding the general extent of the circuit court's subject-matter jurisdiction, when properly invoked, to enforce pre-hearing discovery orders rendered by the Board or by an administrative hearing officer. See generally Ala.Code 1975, §§ 34-9-46 & 41-22-12(c).

. The Board's motion to dismiss the practitioner’s appeal based upon the ground of mootness is itself denied as moot in light of our conclusion that the appeal is due to be dismissed on the grounds stated in this opinion.